| 81 | 233 |
| 112 | 43 |

## John Klein and Margaretta Klein v. Martin Bayer.

*Mortgages—Statutory foreclosure—Attorney's fee—Fraud—Charge to jury—Evidence—Character.*

1. A mortgage executed *prior* to the enactment of Act No. 133, Laws of 1885, providing for attorneys' fees on the foreclosure

of mortgages by advertisement, stipulated for the payment of an attorney's fee of $50 in case of foreclosure. The mortgage was foreclosed after the enactment of the statute, and the premises bid in by the mortgagee, and the attorney's fee was included in the amount for which the premises were sold, and was paid on redemption. And in a suit to recover the money so paid, and other sums alleged to have been illegally exacted as a condition to such redemption, it is held that the mortgagee had no right to include in the amount claimed to be due upon a statutory foreclosure an attorney's fee of *any amount*, for the reason that the mortgage was given *before* the statute allowing attorneys' fees upon such foreclosures was enacted.

2. Where, on the foreclosure of a mortgage by advertisement, an attorney's fee was *illegally* included in the amount for which the premises were sold, the payment of which was insisted upon as a condition to redemption, such payment is not binding, and the sum paid may be recovered by the mortgagor in a proper action.

3. It is the duty of the court, in leaving the question of fraud or fraudulent representations to the jury, to explain to them what they can consider in determining it, and to point out what false or fraudulent representations are, and define what kind of representations would be fraudulent. *Lewless v. Railway Co.*, 65 Mich. 292 (head-note 3).

4. In a suit to recover money claimed to have been paid by reason of the fraudulent representations of the defendant, proof of defendant's good character for honesty and integrity is properly rejected, such character not being in issue.

Error to Wayne. (Brevoort, J.) Argued May 9, 1890. Decided June 6, 1890.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion.

*Charles M. Swift,* for appellant, contended as stated in the opinion, and his authorities are cited in foot-notes.

*James H. Pound,* for plaintiffs, contended:

1. *Assumpsit* does not necessarily imply a contract, but may lie where some duty would justify the court in imputing a promise to perform it; citing *Woods v. Ayres*, 39 Mich. 345.

2. On the rescission of a sale of goods for fraud, and the recovery of a part of the goods, the remainder having been sold,.

although a suit will not lie for the proceeds on the repudiated contract, they may be recovered in trover or *assumpsit* as money received upon a wrongful conversion; citing *Farwell v. Myers*, 64 Mich. 234.

3. An action for money had and received is an equitable one, and lies whenever an express or implied trust to pay over money has been violated; citing *Beardslee v. Horton*, 3 Mich. 560; *Catlin v. Birchard*, 13 Id. 110; *Spencer v. Towles*, 18 Id. 9; *Walker v. Conant*, 65 Id. 194.

4. As a general rule, when money has been received by a defendant under any state of facts that would in a court of equity entitle the plaintiff to a decree, the same state of facts will entitle him to recover at law; citing *Moore v. Mandlebaum*, 8 Mich. 433; and see *Welch v. Frost*, 1 Id. 30; *Catlin v. Birchard*, 13 Id. 110; *Decatur v. Township Board*, 33 Id. 335; *Schmemann v. Rothfuss*, 46 Id. 453; *Wright v. Dickinson*, 67 Id. 580; *Hall v. Kimmer*, 61 Id. 269.

5. *Assumpsit* will lie to recover back an overpayment where the party bringing suit was deceived to his injury, and lost money thereby; citing *Heimbach v. Weinberg*, 18 Mich. 48; *Barnard v. Colwell*, 39 Id. 215; *Martin v. Sheridan*, 46 Id. 93.

CHAMPLIN, C. J.   May 10, 1884, defendant loaned plaintiffs $725, and received from them as security a real-estate mortgage. The loan was for two years, with interest at seven per cent. The mortgagors were to pay taxes and keep buildings insured. It also contained a stipulation to pay $50 attorney's fees in case of foreclosure. On June 21, 1886, the plaintiffs executed and delivered to defendant another mortgage, covering the same property as the first one, to secure $177, payable in two months, with interest at seven per cent. The first mortgage not having been paid, Bayer placed it in the hands of an attorney by the name of Noah to foreclose, which he proceeded to do by advertisement under the statute, and a sale was made on November 17, 1887, and a deed executed.

On November 15, 1888, Andrew Koch, who is a brother of Mrs. Klein, furnished the money to redeem the mortgage and pay the balance due to Mr. Bayer. He bargained with Mr. and Mrs. Klein to purchase the property

for $1,300, and agreed as part of the consideration to pay Mr. Bayer what was due to him. Mr. Klein, Mrs. Klein, and Mr. Koch went to Mr. Bayer's house on November 15, 1888, to settle with him. He had a statement of what he claimed the Kleins owed him. The parties all speak the German language, and Mr. Bayer read the items of his statement to them in German. They made no objection to any of the items. The balance claimed to be due by Mr. Bayer was $1,153.60, which Koch paid, and Bayer discharged the two mortgages. John and Margaretta Klein now claim that the amount claimed upon that settlement to be due by Bayer is incorrect; that it contained items of improper charges, and items of false and fraudulent charges. They claim that the amount of money which they borrowed, and which the small mortgage was given to secure, was only $20, instead of $177; that the item of $50 for attorney's fees upon foreclosing the first mortgage, the items for taxes paid by Bayer upon the land, the item for two tax abstracts, $2, the item of $1 for drawing the mortgage, the item of $4.02 for compound interest, the item of $2.50 for recording sheriff's deed, the item of $1.00 for drawing deed, and various other small items, were improperly included, and which counsel for plaintiffs claims, with interest added, aggregated at the time of trial $242.19.

The plaintiffs were sworn through interpreters, and denied having received but $20, for which the second mortgage was given. The defendant gave testimony tending to show that the second mortgage was made up of past-due interest on the first mortgage in part, and for money loaned at various times. He also introduced as a witness August J. Stoeffel, who was the notary public who drew the second mortgage, and before whom it was executed. He testified that he was present when Mr.

Klein applied to Mr. Bayer for a loan of $20; that Bayer told him if he would sign a mortgage for the back interest and the money he had already let him have he would let him have the $20; that a day or two after the mortgage was executed at Bayer's residence by Mr. and Mrs. Klein, and, before they signed it, he explained to them in German the contents of the mortgage. Testimony was gone into upon both sides as to the consideration of the mortgage; and, if the case was rightly submitted to the jury, the judgment must stand.

The counsel for defendant urges that the settlement had by the parties on November 15, 1888, must, in the absence of fraud or misrepresentation, be held binding and conclusive upon the parties.[1] We do not think this rule is applicable, under the testimony in this case. The mortgagee had not at that time the right to include in the amount claimed to be due upon a statutory foreclosure an attorney's fee of any amount, for the reason that the mortgage was given before the statute allowing attorneys' fees upon such foreclosures was enacted.[2] This amount was included in the amount for which the property was sold, and which he required them to pay to redeem. Payment under such circumstances could not be held binding and conclusive upon these parties. It was an illegal exaction, under penalty of losing the right to redeem. He also insisted that the balance due him should be paid at the same time, and Koch also desired to pay the second mortgage in order that the title he should receive on purchase should be free and clear from all incum-

---

[1] Counsel cited *McArthur v. Luce*, 43 Mich 435; *Wheeler v. Hatheway*, 58 Id. 77; *Jacobs v. Miller*, 50 Id. 119; *Jones v. Phelps*, 5 Id. 218; *Adair v. Adair*, Id. 204; *Jeffery v. Hursh*, 58 Id. 246; *Bearss v. Preston*, 66 Id. 11.

[2] Act No. 133, Laws of 1885, provides for an attorney's fee on the foreclosure of mortgages by advertisement, where an attorney is employed, of from $15 to $35, according to the amount due for principal and interest.

brances. Unless he could obtain a discharge of the second mortgage, he would not furnish the money to redeem from the first. So, while nothing was said against any of the items, we think, if there was any fraud or mistake, it was open to inquiry under the circumstances of this case, which are somewhat peculiar on account of the seeming ignorance of the plaintiffs and their want of familiarity with business transactions; and Koch says he was not interested in the correctness of the statement of indebtedness.

Error is well assigned upon the charge of the court. In his instructions to the jury he said the plaintiffs brought the action in *assumpsit*—

"To recover a sum of money alleged to be paid by them to the said defendant through false representations."

He also told them that "fraud cannot be presumed, but must be proved affirmatively." He, however, nowhere points out what false or fraudulent representations are, nor does he define what kind of representations would be fraudulent. He told the jury:

"Plaintiffs claim to have been defrauded, and the defendant claims that they were not. Now, the plaintiffs claim, it seems, the sum of $233.64 as overpayment by the plaintiffs on the settlement. It is for you to say, gentlemen, whether there was anything overpaid, for you remember when the second mortgage was given, and the settling up had. The law which I will give you in relation to that is, it having been regularly executed, as is admitted, and it being on its face for $177, it is not competent for plaintiffs to deny that it was security for that sum, unless it was obtained by fraudulent misrepresentations. Now, gentlemen, it is for you to say, was there any fraudulent representations on the part of Mr. Bayer in receiving the sum of $177 on the mortgage? If these people received the same, and Mr. Bayer drew and then executed the mortgage for that sum, that would be the end of it; but it is for you to say from all the evi-

·dence, did they receive the amount which the mortgage bears upon its face?

"Now, gentlemen, one thing I will call your attention to, this attorney fee which Mr. Bayer admitted that he took from this amount on this day in question, and which he kept. Your verdict, under the interpretation of the law of this State, I charge you shall be for $50 at least, because Mr. Bayer could not, under the law, take that ·out, the act being void. Now for any further amounts I have nothing to say. That is wholly for you, gentlemen, to be drawn from the evidence. If there is any more to be deducted it is for you to say. Remember, gentlemen, it is by the evidence you are to be governed, together with the law in relation to this matter, as given you by the court."

What was said in *Lewless v. Railway Co.*, 65 Mich. 292, 300, is applicable here. Chief Justice CAMPBELL, speaking for the Court, said:

"What will constitute fraud depends considerably on circumstances; but all deceit or false assertion is not fraud. Parties are always held to some diligence in protecting their own interests, and those dealing with them have a right to suppose they will be. And parties once put on their guard are bound to be diligent in prosecuting their inquiries. It was the duty of the court, in leaving the question of fraud to the jury, to explain to them what they could consider in determining it, and what would constitute such fraud as would authorize a rescission."

There was absolutely no testimony that Mr. Bayer made any fraudulent representations in receiving the sum of $177 on the mortgage, and the court should not have left it to the jury that he made any at that time. If there was fraud in the case at all, it was in procuring the mortgage for that sum. Neither was it a question, under the defendant's testimony and theory of the case, that the Kleins received the sum of $177, but whether the amount was made up of money loaned at different times, and past-due and unpaid interest on the first mortgage.

The defendant offered to prove his good character for honesty and integrity, but the court excluded such proof.[1] This was correct. The character of the defendant was not in issue.

The judgment must be reversed, and a new trial granted.

The other Justices concurred.

---

[1] Counsel cited, in support of his claim of error, 1 Greenl. Ev. §§ 54, 55; *Fahey v. Crotty*, 63 Mich. 383; *Daniels v. Dayton*, 49 Id. 137.