FRANK VEREYCKEN v. ANTOINETTE VANDENBROOKS.

*Contract—Reduction of interest—Consideration—Involuntary payment—Duress.*

1. A writing signed by the payee in a note then past due, and bearing interest at 10 per cent., by which the payee agrees to let the maker "have all the money at 8 per cent.," may be well construed to be an open proposition to the maker to retain the money, at least until further demand, at the reduced rate of interest, and, when acted upon by the maker, the payee cannot be permitted to exact a greater rate.

2. Where, upon being served with a subpoena in a chancery foreclosure suit, the defendant mortgagor pays the amount demanded, under protest, there is not such duress of property as will make such payment involuntary, and enable him to recover an excess over the amount legally demandable, included in such payment.

Error to Bay. (Cobb, J.) Submitted on briefs June 27, 1894. Decided September 25, 1894.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion.

*D. B. Richardson*, for appellant.

*Lee E. Joslyn*, for plaintiff, contended:

1. If a mortgagee of land require that the mortgagor pay more

than is legally due for the purpose of preventing a foreclosure, it is such a compulsory payment as entitles the party who so pays to recover it back; citing 6 Amer. & Eng. Enc. Law, 84, 85; *McMurtrie v. Keenan*, 109 Mass. 185; *Bennett v. Healey*, 6 Minn. 240; *Freeman v. Etter*, 21 Id. 3; and an attorney fee paid under protest on redeeming from a statutory foreclosure, if illegally included in the amount for which the land was sold, may be recovered back; citing *Vosburgh v. Lay*, 45 Mich. 455; and a payment of money under legal process is not a voluntary payment; citing *McKee v. Campbell*, 27 Mich. 497; *Congdon v. Preston*, 49 Id. 204; *McCabe v. Shaver*, 69 Id. 25.

2. The agreement to reduce the rate of interest from 10 to 8 per cent. was founded upon a sufficient consideration, and was valid. If plaintiff was to get the money of some one else at 7 per cent., and defendant wanted her money to remain where it was, it was a sufficient consideration passing to defendant that her money should continue to draw interest, and the loan remain, and the money not to be idle, as it might be for some time if paid. This Court has held that a written agreement to pay a higher rate of interest than that expressed in the obligation, in consideration of forbearance, is valid between the parties to the original agreement and their representatives. On the same grounds an agreement in writing to reduce the rate of interest is binding; citing *Burchard v. Frazer*, 23 Mich. 240; *Smith v. Graham*, 34 Id. 302; *Tousey v. Moore*, 79 Id. 564.

MONTGOMERY, J. This is an action brought to recover an alleged overpayment of interest upon a real-estate mortgage and note.

April 14, 1879, plaintiff gave his promissory note to Antoinette VandenBrooks for $460, with interest at 10 per cent. per annum, due in three years from its date. The note remained unpaid. On the 2d of August, 1885, VandenBrooks gave the plaintiff a written agreement as follows:

"I, A. VandenBrooks, agree to let Frank Vereycken have all the money at 8 per cent.

"A. VANDENBROOKS."

The note remained unpaid until September 18, 1891, when proceedings were instituted in the circuit court, in

chancery, for the county of Bay, to foreclose the mortgage, and a subpoena was served on plaintiff. On the same day, the plaintiff paid the amount demanded, under protest, and brought this suit to recover the excess, which, if the agreement to reduce interest be valid, amounted to the sum recovered in the court below.

Two questions are presented by the record: *First,* whether the agreement to reduce the interest was based upon a sufficient consideration; and, *second,* whether the payment of the excess was, within the legal definition of the term, involuntary.

We think the written memorandum may be well construed to be an open proposition to plaintiff to retain the money, at least until further demand, at the rate of 8 per cent., and that, when acted upon, the mortgagee cannot be permitted to exact a greater rate of interest.

A question of more difficulty is whether the payment was an involuntary payment. The general rule is that, to constitute a payment involuntary, it must be made under such circumstances as precludes the exercise of the free will of the payor. There must be either duress of the person or the property. Some courts have held that there can be no duress of real property which remains in the possession of the payor, but most courts hold the contrary. *State v. Nelson,* 41 Minn. 25; *Pemberton v. Williams,* 87 Ill. 15; *White v. Heylman,* 34 Penn. St. 142; *Joannin v. Ogilvie,* 49 Minn. 564. So it has been held that if the mortgagee of land require that the mortgagor pay more than is legally due, for the purpose of preventing a foreclosure by advertisement, this is such a compulsory payment as entitles the party to sue and recover back the excess. But it is to be noted that in such a case the mortgagee, by his own act, unaided by any process of court, has it within his power to deprive the mortgagor of his title. Such was not the case here. All that

the defendant had done was to file a bill to obtain a decree of the court fixing the amount due. Before any decree could pass against the present plaintiff, he was entitled to his day in court. Under these circumstances, we think that there was no duress of property such as the law recognizes. See *Forbes v. Appleton*, 5 Cush. 115; *Benson v. Monroe*, 7 Id. 125; *Taylor v. Board of Health*, 31 Penn. St. 73; *Navigation Co. v. Tappan*, 16 Blatchf. 296; *Mariposa Co. v. Bowman*, Deady, 228.

It follows from these views that the judgment should be reversed, with costs.

The other Justices concurred.