## MARY E. BRADLEY, in Equity,

### vs.

## SHERBURNE R. MERRILL, and others.

## Cumberland.    Opinion February 3, 1898.

*Mortgage.    Redemption.    Accounting.    Interest.    Commissions.    Repairs.*
*Improvements.*

The rule in this state is to allow, in an accounting between mortgagor and mortgagee, a commission on rents collected as compensation for care of the property, procuring tenants, looking after repairs, collecting rents and the like.   *Held;* that the allowance of this commission is not prohibited by an express stipulation between the parties in which it was agreed that the mortgagee might deduct from the net rents any commissions that he might have to pay for collections, although it appeared that the mortgagee collected the rents himself, and did not pay anything for collecting.

Compound interest cannot be recovered where the parties do not expressly promise to pay it.   If interest be payable at stated periods before the principal falls due, and is not collected, the law will not imply a promise to pay interest upon interest; and, in a suit to collect the debt and interest in arrear, compound interest cannot be recovered.   But where the promise to pay compound interest is express, it may be enforced the same as any other contract.   It is not usurious.   In such case the court will not declare an implied promise, but will enforce one made by the parties.

A bill in equity to redeem land from an equitable mortgage was sustained by the court, and the cause was sent to a master to take an account of the amount due on the mortgage.   Upon exceptions to the master's report, *held;* that permanent improvements not necessary for the preservation of the property and made without the mortgagor's consent are to be disallowed; and those necessary for the preservation of the property, and repairs to make the premises tenantable, are to be allowed.

Defendant Hasty built without the mortgagor's consent a house upon the mortgaged premises.   *Held;* that as the house itself cannot be considered an improvement, so as to be allowed to the defendant in his account, he is not chargeable for the rent of the house.

In this case the plaintiff sought to redeem the premises from two equitable mortgages, one dated June 5, 1883, to Merrill, securing six thousand dollars, and one dated July 7, 1884, to Lane, securing the sum of five hundred dollars.   Lane assigned his mortgage to Proctor, December 10, 1884.   Merrill had possession of the mortgaged premises from the date of his mortgage, to the time he sold them to the defendant Hasty, June 17, 1886.   Neither Lane

nor Proctor were ever in possession of the premises, and they conveyed their interest to the defendant Hasty, June 17, 1886. During the time Proctor owned the Lane mortgage, he lent the plaintiff certain sums of money upon the agreement that they should be secured by that mortgage. The amount due thereon was subsequently paid by Merrill. The master computed interest on the several sums thus secured by the Lane mortgage to June 17, 1886, and then made that sum a new principal, upon which he computed interest to April 28, 1896, the date of his report.

*Held;* that the title to both of these mortgages passed to the defendant Hasty, irrespective of the forms of conveyance, and redemption of both is governed by the same rule. *Also;* that the allowance by the master of the amount paid as a new principal is error, and operates to charge interest upon interest,—to which the mortgagor did not assent and cannot be compelled to.

See *Bradley* v. *Merrill*, 88 Maine, 319.

ON EXCEPTIONS BY PLAINTIFF AND DEFENDANTS.

Bill in equity, heard on bill, answers and proof.

This was a bill in equity brought by Mary E. Bradley against Sherburne R. Merrill, John W. Lane, John F. Proctor and Edward Hasty, for the redemption of the house and lot, No. 776 Congress street in Portland, from equitable mortgages.

The bill was sustained and a master appointed to state the account. For a statement of the facts including the agreement with the defendant Merrill that was held to be an equitable mortgage, see 88 Maine, 319. Upon the coming in of the master's report the plaintiff and the defendant Edward Hasty filed exceptions in the court below. These exceptions are stated in the opinion.

*J. H. and J. H. Drummond, Jr.; D. A. Meaher,* for plaintiff.

In every case where commissions have been allowed, it will be found that the mortgage was silent on the subject. On the other hand, where there is an agreement contrary to the usual rule, that agreement is enforced by the courts and the rights of the parties are controlled by it. Jones on Mortgages, (2nd Ed.) § 1133; *Boston R. R. Co.* v. *Haven,* 8 Allen, 359; *Cazenove* v. *Cutler,* 4 Met. 246–251. In the case at bar the parties agreed that the mortgagee should account for the rents and profits, after deducting any commissions that he may have paid for collecting them. This by clear implication excluded any commissions except such as the mortgagee paid.

If the Lane mortgage was still owned by Proctor, there could be no question what the rule would be; he would be entitled only to simple interest from the date of the last payment of interest to the date of redemption. By the assignment of the mortgage, the assignee succeeds only to his assignor's rights, he takes only his interests and can claim no greater rights nor make it more burdensome for the mortgagor to redeem. He is not in any event entitled to compound interest.

The defendant claiming to be the absolute owner of the premises, should be treated as a wrong doer, acting in fraud of the rights of the mortgagor, and be held to account accordingly. To such wrong doer a different rule is applied than in accountings between mortgagor and mortgagee upon redemption. *Booth* v. *Balto. Steam Packet Co.*, 63 Md. 39; *Bank of Australasia* v. *United Hand in Hand Co.*, 4 App. Cases, 391–408; *Incorporated Soc.* v. *Richards*, 1 Drury & Warren, 334; *Gresham* v. *Ware*, 79 Ala. 192; *Russell* v. *Southard*, 12 How. 139–147; *Canal Bank* v. *Hudson*, 111 U. S. 66; *Stinchfield* v. *Milliken*, 71 Maine, 567–571; *Reed* .v. *Reed*, 75 Maine, 264–270; Sto. Eq. Jur. 8th Ed. § 395.

By wrongfully erecting this structure upon the land of the complainant it became part of the realty and belonged to her, together with the rents and profits issuing from it, subject to his mortgages. *Bonney* v. *Foss*, 62 Maine, 248. His position is, in equity, the same as if the structure had been erected by a third person, stranger to the title, and he had collected the rents. *Merriam* v. *Barton*, 14 Vt. 501. Like any person who wrongfully puts improvements upon the land of another, he does so at his peril; he loses all he expends on it, whether it be on account of the original construction or of repairs, and he is liable for any rents or profits arising from it. *Green* v. *Biddle*, 8 Wheat. 1–79; *Bonney* v. *Foss*, supra; *Merriam* v. *Barton*, supra.

The rule for casting interest on mortgage debts, when partial payments have been made, is stated in *Pierce* v. *Faunce*, 53 Maine, 351, to have been conclusively and invariably acted upon. *Whitcomb* v. *Harris*, 90 Maine, 206, and cases cited. And the court has invariably refused to allow a mortgagee to compound interest upon

his debt, although the note secured by the mortgage may have expressly provided for compound interest.

A tender and refusal stopped the running of interest. *Brown* v. *Simons*, 45 N. H. 213; *McNeil* v. *Call*, 19 N. H. 403; *March* v. *The Railroad Company*, 19 N. H. 372; *Tucker* v. *Buffum*, 16 Pick. 46; *Brown* v. *Lawton*, 87 Maine, 86.

It was not necessary to bring the tender into court. *Colby* v. *Stevens*, 38 N. H. 191; *Tucker* v. *Buffum*, supra; *Richards* v. *Pierce*, 52 Maine, 561; *Hubbell* v. *Moulson*, 53 N. Y. 225, (13 Am. Rep. 519); *Bailey* v. *Metcalf*, 6 N. H. 156; *Graham* v. *Linden*, 50 N. Y. 547.

*M. P. Frank and P. J. Larrabee*, for defendants.

The master's report will not be disturbed or set aside or modified without clear proof of error or mistake on his part. *Paul* v. *Frye*, 80 Maine, 26, and cases.

Commissions:—*Ireland* v. *Abbott*, 24 Maine, 155; *Pierce* v. *Faunce*, 53 Maine, 351. It was the net rent and income from which the commissions that he "might have to pay" were to be deducted. What he had to pay was to be deducted from the net rent, not from the rent, or from the gross rent.

This is an equitable proceeding for a single redemption from two claims, the Merrill and Lane mortgages. The master might have made semi-annual rests on the Lane or Proctor claim, and applied all the rents to that, and thereby made the amount due on the two claims larger. He chose, however, to take a middle ground, allow one rest only on the Proctor claim, and instead of applying the rents to the extinguishment of that claim, or to the interest upon it, as he might have done, he favored the mortgagor by applying them on the other, the Merrill claim. This was quite as favorable to the mortgagor as she had any right to claim. Taking into account the two claims and their nature, it was equitable and proper, and was such treatment of the two claims considered as one, as the master had a right to adopt.

The court has decided in the previous decision in 88 Maine, 319, that defendant Hasty is a mortgagee only, and now plaintiff claims that the court in this proceeding here should hold

him to be not a mortgagee but a wrong-doer. The simple statement of the proposition ought to be a refutation of it. In every instance, and in which the title to the property was contested bitterly, and was the principal subject of the controversy, when the claimant has been decreed to account, he has been held chargeable only for the net rents or income; he has been allowed for all reasonable repairs and expenditures. *Howe* v. *Russell,* 36 Maine, 115, p. 127; *Mason* v. *York & Cumb. R. R.,* 52 Maine, 82, p. 104–5; *Whitney* v. *Leominister Savgs. Bk.,* 141 Mass. p. 89.

The contract of the parties fixed the rate of interest and that contract was lawful under the laws of this state. It provided what the rate of interest should be, and how computed, and that it should so continue until the whole sum was paid.

A court of equity will not decide against the plain provisions of law, nor against the plain provisions of the contract of parties made under the provisions of such law and conformable to that law. 2 Sto. Eq. Jur. 13th Ed. § 1549.

In regard to the new structure, a new house, which cost the respondent $3000, built upon the premises in the rear, the respondent must lose it, as it becomes property of the mortgagee. This, in addition to the payment of the costs of court, would seem to be punishment enough for the respondent. It is, however, well settled that although he cannot be allowed for such permanent structure, "he is not chargeable with the increased rents and profits which are directly traceable to the improvements made by him." 2 Jones on Mortgages, 1st Ed. § 1127; *Moore* v. *Cable,* 1 Johns. Ch. 385; *Bell* v. *Mayor, etc., of N. Y.,* 10 Paige Ch. p. 49.

SITTING: PETERS, C. J., HASKELL, WISWELL, STROUT, SAVAGE, JJ.

HASKELL, J. Bill in equity to redeem land from an equitable mortgage. The cause came before the court and the bill was sustained and decree entered allowing the plaintiff to redeem, and the cause was sent to a master to take account of the amount due on the mortgage according to the opinion of the court in that case.

Upon the coming in of the master's report the court below accepted the same; and as some amounts were allowed in the alternative, it decided which of the same ought to be allowed and also allowed and disallowed certain other items in the accounting, to all of which the parties have exception.

The accounting must be had according to the rules laid down in our former opinion. So far as that has declared them it is conclusive, and they cannot be now considered anew. *Bradley* v. *Merrill*, 88 Maine, 319.

That opinion declares the relation of mortgagor and mortgagee, and allows redemption according to the rules recognized in such cases. Permanent improvements not necessary for the preservation of the property are to be disallowed. Those necessary for the preservation of the property and repairs to make the premises tenantable are to be allowed.

Do the rulings of the court below impinge upon the rule above laid down? One Merrill, under whom defendant claims, held an equitable mortgage. He had agreed to reconvey upon the payment to him of $6000, with compound semi-annual interest at the rate of 7 per cent per annum until paid, together with sums paid for repairs, taxes and otherwise, with interest on the same at the same rate from the time of such payment, and he agreed to account for the net rent and income, "deducting any commission that I may have to pay for collecting the same."

I.  The court below allowed five per cent commissions on the rent collected as compensation for care of the property, and to this allowance plaintiff has exception. The rule in this state is to allow a charge of that sort in accounting between mortgagor and mortgagee, and it is equitable to sustain such allowance here. The net rent is ascertained after such allowance. From this it was agreed that mortgagee might deduct any commissions " that I may have to pay for collecting the same." No commissions were paid as he collected the rents himself. We think the allowance by the master was just and reasonable, and that it is not prohibited by the stipulation of the parties. That meant in addition for the care of

the property, procuring tenants, and looking after repairs and the like, any commission paid for collecting rents might also be charged. The amount allowed is $282.90. This exception must be overruled.

II.   Defendant has exception to the refusal to compound his interest, as stipulated in the above agreement. It has been uniformly held in this state that compound interest cannot be recovered where the parties do not expressly promise to pay it. If interest be payable at stated periods before the principal falls due, and be not collected, the law will not imply a promise to pay interest upon such interest, and, in a suit to collect the debt and interest in arrear, compound interest cannot be recovered. The cases cited at the bar are all based upon such a statement of facts, and none of them apply to conditions where the promise to pay compound interest is express, but only where it is to be implied for the non payment of money after it becomes due and payable. *Doe* v. *Warren,* 7 Maine, 48; *Bannister* v. *Roberts,* 35 Maine, 75; *Kittredge* v. *McLaughlin,* 38 Maine, 513; *Stone* v. *Locke,* 46 Maine, 445; *Parkhurst* v. *Cummings,* 56 Maine, 155; *Whitcomb* v. *Harris,* 90 Maine, 206.

Where the promise to pay compound interest is express, it may be enforced just the same as any other contract. It is not usurious even.   In *Otis* v. *Lindsey,* 10 Maine, 315, the note in suit was given in payment of other notes upon which the interest had been compounded, and it was held that the plaintiff might recover. The new note was an express promise to pay compound interest.   In *Farwell* v. *Sturdivant,* 37 Maine, 308, the interest upon a mortgage note that called for interest semi-annually was compounded and a new note given for the amount.   In computing the amount due a partial payment had been omitted, and in a bill to redeem, compound interest was allowed upon the express promise evidenced by the new note to pay it.   In *Stickney* v. *Jordan,* 58 Maine, 106, a note payable with interest annually, given and payable in New Hampshire, was held to draw compound interest under the laws of that state, and that compound interest might be recovered here.

These authorities indicate that a promise to pay compound interest is valid and enforceable in this state. The court will not declare an implied promise, but 'will enforce one made by the parties.

In this cause there was no promise by plaintiff to pay either principal or interest, but in consideration of a loan by and the conveyance of land to the grantor of defendant he agreed to reconvey upon the payment of $6000, with compound semi-annual interest at the rate of seven per cent per annum until paid. By what process of reasoning can the defendant be required to reconvey until he shall have received the amount named as a condition precedent to such conveyance? The terms are express. Nothing is left to be implied or inferred. The parties plainly say what their contract was. It is not void under rules of law, and why should it not be enforced? Because the terms of the contract may have been hard is no good reason for disregarding it, even in equity, in the absence of fraud or incapacity to make it. We are compelled to recognize the plain agreement of the parties and therefore sustain the exception to a refusal to compound the interest accruing under its express terms.

III. Merrill had an equitable mortgage. There was a second mortgage upon the property of the same character, when Merrill conveyed to defendant. Merrill paid the second mortgage. He did not redeem, because it created no lien on the property to which his mortgage attached. It was a lien only on the equity of redeeming Merrill's mortgage, so that, if it be not extinguished altogether, it must be considered as if assigned to Merrill. The title to both these mortgages passed to defendant irrespective of the forms of conveyance, and redemption of both is governed by the same rule. The allowing of the amount paid as a new principal was error and operated to charge interest upon interest to which the mortgagor did not assent and could not be compelled to. It is still an equitable mortgage and subject to redemption. Plaintiff's exception to the ruling below allowing the amount paid on account of the Proctor mortgage to be treated as a new principal upon which

interest should be cast, must be sustained. *Lewis* v. *Small*, 75 Maine, 323.

IV.   Defendant built part of a double house upon the mortgaged premises, and plaintiff has exception to the refusal to charge defendant with rent of this house.   In the former opinion it was decided that the cost or value of the new house should not be allowed defendant.   Now it is claimed that he should be charged for the income of it.   If the house itself cannot be considered an improvement so as to be allowed defendant, and he must lose it, on what doctrine of equity can he be charged with its rents?   Should he lose both the house and the income of it?   A hard doctrine that, for equity to enforce.   This exception must be overruled.

V.   The question of tender is not open on these exceptions and need not be considered.   That, too, was disposed of in the original opinion.   Moreover, it seems to have been settled below as matter of fact that there was no tender.

The result of this opinion is that the second exception, noticed in this opinion taken by defendant, and the third exception, noticed in this opinion, taken by plaintiff, be sustained and all other exceptions be overruled.

The alternative sum, $10,346.66, found by the master to be due on April 28, 1896, should be allowed, less $23.42, the amount of interest upon interest improperly allowed upon the Proctor mortgage, leaving the true sum as due on that date to be $10,323.24. From that date to the time of redemption an account should be taken in accordance with the doctrines of this opinion, and unless the parties agree, the cause should be sent to a master for the purpose.

The bill has been sustained with costs for plaintiff, to be recovered if she redeems. *Parkhurst* v. *Cummings*, 56 Maine, 160; *Cushing* v. *Ayer*, 25 Maine, 388.

> *Exceptions sustained.   Master's report accepted
> for $10,323.24 as due April 28, 1896.*