## BARNARD *v.* PATERSON.

1. MORTGAGES—MORTGAGEE IN POSSESSION—DISBURSEMENTS—RE-PAIRS.

   A mortgagee in possession is not entitled to reimbursement for expenditures for repairs not necessarily made to save the estate from loss and injury.

2. SAME—RENTS—COLLECTION—COMPENSATION.

   A mortgagee in possession is not entitled to compensation for collecting rents, where he collects them for his own benefit, and there is no express agreement that he shall be compensated for such services, and no evidence from which such an agreement may be inferred.

3. SAME—RATE OF INTEREST—ESTOPPEL.

   Two years after certain mortgages matured the mortgagee's agent furnished defendants a statement of account, in which interest on the overdue principal was computed at the rate of 7 per cent. per annum, and defendants' solicitors objected to such statement only in so far as it contained charges for disbursements, and requested a corrected statement, eliminating such items. Nearly two years later another statement was rendered, in which interest was also computed at 7 per cent. *Held,* that complainant, having induced defendants to remain her debtor in the expectation that interest would be charged at a rate not exceeding 7 per cent., was estopped from thereafter claiming a higher rate. HOOKER, J., dissenting.

Appeal from Wayne; Mandell, J. Submitted April 5, 1904. (Docket No. 12.) Decided October 4, 1904.

Bill by Mary E. Barnard against John Paterson, Hattie W. Paterson, and the Wayne County Savings Bank to foreclose certain mortgages. From a decree for complainant for less than the amount prayed for, she appeals. Affirmed.

*Wilkinson, Post & Oxtoby,* for complainant.

*Corliss, Andrus, Leete & Joslyn,* for defendants Paterson.

CARPENTER, J.   This is a bill to foreclose two mortgages given to the complainant by the first two named defendants.   The sole question involved relates to the amount due on said mortgages.

December 2, 1897, before the mortgages became due, and while an installment of interest was unpaid, the first two named defendants executed and delivered to complainant a paper which read as follows:

" In consideration of our indebtedness to Mary E. Barnard, we do hereby assign, set over, and convey to her, said Mary E. Barnard, all rents accrued and accruing to and from the 1st day of December, 1897 [then follows the description of the residences described in the mortgage], to be had and received by her until our indebtedness in her favor is extinguished; further right being hereby given to her to rent and re-rent said house as often as occasion shall require while said indebtedness remains unpaid."

Under the authority given by this writing, complainant collected the rents for several years.   She claims that she expended therefrom the amount of $292.16 for necessary repairs, and she asks in this suit to be allowed for these disbursements.   She also asks for commission of 5 per cent. for collecting said rents, and that the interest on the mortgages, which became due in 1898, should since that time be computed at the rate of 8 per cent. per annum. Each of these claims was disallowed by the trial court.

### DISBURSEMENTS FOR REPAIRS.

It is contended by complainant that she occupied the position, and had the authority, of a mortgagee in possession.   A mortgagee in possession—

" Has no authority to make the estate better at the expense of the mortgagor, but is bound to use reasonable means to preserve the estate from loss and injury.   He cannot charge the mortgagor with expenditures for convenience or ornament.   The rule is sometimes stated to be that the mortgagee must preserve the estate in as good condition as that in which he received it.   But he may properly, under some circumstances, go beyond this, and

supply things that were wanting at the time of entry, as where the doors or windows of a house are gone, he is justified in supplying these, in order to put the estate in condition for occupation." 2 Jones on Mortgages, § 1126.

See, also, *Woodward* v. *Phillips*, 14 Gray, 132; *Robertson* v. *Read*, 52 Ark. 381 (14 S. W. 387, 20 Am. St. Rep. 188).

Tested by this rule, we think the trial court properly disallowed the items of complainant's account for repairs. Many of those items are entirely unsupported by evidence. The other items should be rejected because it is satisfactorily shown respecting some items, by complainant's own testimony, and respecting the others by the weight of the testimony, that the expenditures were not made to preserve the estate from loss and injury.

## COMMISSION FOR COLLECTING RENTS.

It is held by some courts (see *Brown* v. *Savings Bank,* 148 Mass. 300 [19 N. E. 382]; *Bradley* v. *Merrill*, 91 Me. 340 [40 Atl. 132]; *Waterman* v. *Curtis*, 26 Conn. 241) that a mortgagee in possession is entitled to such commissions, or, as it is sometimes said, charges, for taking care of the estate; but the great weight of authority is against their allowance. See *French* v. *Baron*, 2 Atk. 120; *Elmer* v. *Loper*, 25 N. J. Eq. 475; *Turner* v. *Johnson,* 95 Mo. 431 (7 S. W. 570, 6 Am. St. Rep. 62); *Allen* v. *Robbins*, 7 R. I. 33; *Benham* v. *Rowe*, 2 Cal. 387; *Harper* v. *Ely*, 70 Ill. 581; *Neptune Ins. Co.* v. *Dorsey*, 3 Md. Ch. 334.

We think the rule established by the weight of authority the proper rule to apply in this case. Complainant collected these rents for her own benefit. There was no express agreement that she should be compensated for this service, and no evidence from which such an agreement might be inferred. Under these circumstances, we think the defendants had a right to understand that there would be no charge for such services.

### Rate of Interest.

The important question, however, relates to the complainant's claim that she is entitled to charge interest at the rate of 8 per cent. per annum since the maturity of the mortgages. The mortgages obligate the mortgagor to pay interest at the rate of 8 per cent. per annum, semi-annually, upon all overdue interest and principal from the time of its or their maturity. About two years after the mortgages matured, and some time in 1900 (the exact date is not shown by the record), complainant's agent furnished defendants a statement of account, in which was stated in detail the rents collected and the items claimed to have been disbursed. In this statement interest on the overdue principal was computed at the rate of 7 per cent. per annum. December 29, 1900, defendants' solicitors wrote complainant that they objected to the charges for disbursements, and desired "a correct statement of the amount due, eliminating those items." In 1902 complainant's agent rendered another statement, in which interest was computed at 7 per cent. Complainant contends that this computation should be regarded as a proposition to settle on condition that defendant should pay the items disbursed, and, as defendant rejected this proposition, such computation has no force. We cannot accede to this view. It is quite apparent that defendant's letter of December 29, 1900, objecting to the disbursement for repairs, proceeded upon the assumption that the interest should be computed at 7 per cent.; in other words, complainant was informed by this letter that defendants were dealing with her upon the assumption that interest would be computed, as stated in the aforesaid statement, at 7 per cent. Complainant was not bound to acquiesce in this assumption. She might very properly have said, "If you decline to pay my disbursements, I will withdraw my proposition to accept interest at 7 per cent." This, however, she did not do. She remained silent for nearly two years, and then rendered a second statement, in which interest was again

computed at 7 per cent. Defendant Paterson was warranted by this conduct in believing, and it may be assumed that he continued to remain complainant's debtor because he believed, that interest on the overdue principal would be computed at 7 per cent. Complainant, having thus induced defendant to remain her debtor in the expectation that interest would be computed at 7 per cent., is, in my judgment, estopped from exacting a higher rate.

"There is no rule more necessary to enforce good faith than that which compels a person to abstain from enforcing claims which he has induced others to suppose he would not rely on." *Faxton* v. *Faxon*, 28 Mich., at page 161.

We hold, therefore, that interest was properly computed at 7 per cent. See *Vereycken* v. *Vanden Brooks*, 102 Mich. 121 (60 N. W. 687).

It results from these views that the decree appealed from should be affirmed, with costs to defendants.

MOORE, C. J., and GRANT, J., concurred with CARPENTER, J.

HOOKER, J. (*dissenting*). I am of the opinion that there is nothing in this record justifying the denial of interest to complainant at the stipulated rate of 8 per cent., there being an absence of circumstances amounting to an estoppel. I think the cause should be reversed and a decree entered for the complainant as prayed in the bill.

MONTGOMERY, J., did not sit.