GILLULY *v.* SHUMWAY.

MORTGAGES—MORTGAGEE IN POSSESSION—RENTS—COLLECTION—COMPENSATION.

> A mortgagee in possession for the purpose of collecting and using the income of the property for the purpose of paying the mortgage debt is not entitled to any compensation for his management of the property in the absence of an agreement therefor.

Appeal from Ingham; Wiest, J. Submitted April 10, 1906. (Docket No. 33.) Decided July 3, 1906.

Bill by John Gilluly against Frank W. Shumway for an accounting and for the cancellation of a mortgage. From a decree granting insufficient relief, complainant appeals. Reversed.

On March 22, 1894, complainant became obligated to defendant in the sum of $375 upon two promissory notes. To secure this indebtedness he gave a quitclaim deed on

his life estate in a farm, which life estate had been bequeathed to him by his father. At the same time defendant executed to complainant a lease of the premises.

It is conceded that the relation between the parties was that of lender and borrower, or mortgagor and mortgagee. Complainant continued in possession of the farm until December, 1896. He then removed to Lansing, and arranged, with the consent of the defendant, with some neighbors of his to take and work the farm. While complainant occupied it he sold the proceeds, turning the amounts received over to the defendant. In 1901 complainant demanded an accounting. Defendant rendered an account, in which he claimed $50 per year for services in looking after the farm, collecting the amounts due, etc. Complainant refused to acknowledge his liability therefor, and, claiming that the rents received had fully paid the mortgage, filed this bill to obtain an accounting and to procure a cancellation of the mortgage. The court allowed defendant $25 a year from the time complainant left the farm. From the allowance of this commission, complainant appeals.

*Dunnebacke & Montgomery*, for complainant.

*Jason E. Nichols*, for defendant.

GRANT, J. (*after stating the facts*). Defendant was a mortgagee in possession under his mortgage for the sole purpose of collecting and using the proceeds from the mortgaged property in payment of the mortgage debt. It is conceded that there was no express agreement to pay him for any services or commission. In the absence of an express agreement, and of evidence from which one can be implied, no compensation will be allowed. *Barnard* v. *Paterson*, 137 Mich. 633. We find no such evidence in the record. It follows that this allowance was erroneous.

The decree as to this will be reversed, and a decree en-

tered in this court in accordance with this opinion.   Complainant will recover the costs of both courts.

CARPENTER, C. J., and MCALVAY, BLAIR, and MOORE, JJ., concurred.