## JOHN NOLAN v. LISTON Q. GREELEY.[1]

### December 9, 1921.

### No. 22,449.

**Vendor and purchaser — statutory notice to terminate contract — injunction.**

> The proceeding for a cancelation of a land contract under G. S. 1913, § 8081, by serving, upon default, a notice of termination, is in the nature of a statutory strict foreclosure. The proceeding is in pais. If there is no default, it is without effect. The time for removing the default commences running when the notice is served. After the service of the notice the vendee cannot have a temporary injunction vacating the service or suspending the effect of the notice, and restraining the proceeding, under the facts stated in the opinion, upon the ground that he is not in default.

Action in the district court for St. Louis county to restrain defendant from proceeding with the cancelation of a certain contract. From an order, Magney, J., granting a restraining order except the part which read: "But it is hereby provided and understood that the defendant Greeley may accept payments under said contract for any month subsequent to the months in issue without thereby waiving any other right now had in this action," defendant Greeley appealed. Reversed.

*D. J. Erickson* and *H. J. Grannis,* for appellant.

*G. A. E. Finlayson,* for respondent.

DIBELL, J.

The defendant appeals from an order granting a temporary injunction.

The plaintiff Nolan was the vendee in a contract for the purchase of a tract of land in Duluth and the defendant Greeley was the vendor. The purchase price was payable in monthly instalments. The contract

[1]Reported in 185 N. W. 647.

had the usual provisions for cancelation and forfeiture in case of default.

Nolan paid the amounts due to the Western Development Company, his agent, for the seven months from October, 1920, to April, 1921. The company claims it paid these amounts to Greeley by applying them on a note which he was owing to the company under such circumstances as to constitute payment. Therefore the plaintiff claims there was no default and no right in the defendant to cancel the contract. This is the issue.

On April 19, 1921, Greeley gave plaintiff notice of cancelation in accordance with G. S. 1913, § 8081, which provides that, if defaults are not removed within 30 days after notice served, the contract shall terminate. A few days later the plaintiff brought an action for an injunction, and on May 3 an order was made granting a temporary injunction. The injunction granted this relief:

"It is ordered, that upon the filing hereof with the clerk of this court and a bond in the penal sum of $250.00, with sureties approved by the court, that an injunction forthwith issue, granting unto plaintiff the following relief until the further order of the court, to-wit:

"1. The service of said notice of cancelation of said contract, be and the same is hereby in all things vacated and set aside.

"2. That the defendant, Greeley, is hereby restrained from foreclosing and canceling said land contract and all proceedings in the matter of said cancelation are hereby stayed.

"3. That said Register of Deeds is hereby restrained from receiving, filing or recording said notice, any proof of service thereof and affidavit of default of plaintiff in compliance therewith or any other paper relating to such attempted cancelation.

"But it is hereby provided and understood that the defendant, Greeley, may accept payments under said contract for any month subsequent to the months in issue without thereby waiving any other right now had in this action."

Under the contract Nolan was the equitable owner and Greeley held the legal title as security for the unpaid payments. Their relation was

in the nature of that of mortgagor and mortgagee. The statutory proceeding for the cancelation of a land contract is in the nature of a statutory strict foreclosure. The proceeding is in pais. When there is a default and the notice is properly served and the 30 days have elapsed, the default not having been removed, the contract is terminated. The effect of serving the notice is in a way like the effect of the sale on foreclosure by advertisement. The period of 30 days commences to run when the notice is given. If the payments were made, as claimed here, and consequently there was no default, the giving of the notice accomplished nothing. It was no more effective than the foreclosure by advertisement of a paid mortgage, which, in the absence of an estoppel, gives nothing upon which to rest a claim of title.

The present action is a proper enough one in which to determine whether payment was made, and, by consequence, whether Greeley got anything through his cancelation proceeding. It may go to trial for that purpose, but we see in this case no equitable ground upon which to rest an injunction assuming to vacate the service of the notice or to suspend its operation. If an action had been brought before the service of notice, an injunction, on a sufficient showing, might be granted, staying a cancelation. Freeman v. Fehr, 132 Minn. 384, 157 N. W. 587. And so a sale on foreclosure by advertisement may be restrained when there is no default or there is an excessive claim of the amount due. O'Brien v. Oswald, 45 Minn. 59, 47 N. W. 316; Ekeberg v. Mackay, 114 Minn. 501, 131 N. W. 787, 35 L.R.A.(N.S.) 909, Ann. Cas. 1912C, 568; G. S. 1913, §. 7890. Here the giving of the notice was a fact accomplished, and from then on the statute was in operation shortening from day to day the time in which to remove the defaults.

The plaintiff claims a defense to the cancelation. Whether he has one is for trial in the pending action. He has chosen to make the issue in an action against his vendor. It is suggested, though the question is not for decision here, that the issue might have been made, without imperiling the plaintiff's title through an adverse decision on the issue of payment, by paying under protest and suing to recover as an involuntary payment. Bennett v. Healey, 6 Minn. 158 (240); McMurtrie

v. Keenan, 109 Mass. 185; Klein v. Bayer, 81 Mich. 233, 45 N. W. 991; Vereycken v. Vanden Brooks, 102 Mich. 119, 60 N. W. 687; First Nat. Bank v. Sargeant, 65 Neb. 594, 91 N. W. 595, 59 L.R.A. 296.

The plaintiff does not need an injunction to protect him against a sale by the defendant or a recording of papers. A lis pendens will protect him against subsequent purchasers.

Order reversed.