THE POTOMAC COAL COMPANY *vs.* THE CUMBERLAND AND PENNSYLVANIA RAILROAD COMPANY.

*When money Voluntarily paid cannot be recovered.*

During the period from July, 1864, to March, 1871, the P. Coal Co., paid to the C. and P. R. R. Co., a large sum of money as freight for transporting Coal. Afterwards the Coal Co. sued the R. R. Co., in *indebitatus assumpsit* to recover back a portion of this freight, on the ground that the rate of freight charged the Coal Co., was illegal, in that it exceeded the rates paid by other shippers. HELD:

That the money having been voluntarily paid under no mistake of facts, and there being no circumstances of duress, fraud or extortion, the plaintiff was not entitled to recover.

APPEAL from the Circuit Court for Alleghany County.

This was an action of assumpsit by the appellant against the appellee, to recover freights, alleged to have been exacted by the latter from the former, for the transportation of coal on its railroad, in excess of the rates, charged other parties.

A bill of particulars furnished by the appellant, showed that from the 1st day of July, 1864, to the 10th day of March, 1871, the appellee transported over its road, 321,427 tons of coal belonging to the appellant, for the aggregate charge of $76,494.64. This charge the appellant paid.

This suit was brought to recover the difference between this amount of $76,494.64, alleged to have been so improperly charged and collected by the appellee during that period, and the amount which the appellee would have been entitled to charge for the transportation of said coal at the lowest rates of freight charged any company or

Potomac Coal Co. *vs.* Cumb. & Penn. R. R. Co.

individual shipping coal over the appellee's road during the same period of time.

This difference amounted to $42,378.21.

The case was tried before a jury, upon documentary evidence and an agreed statement of facts, and resulted in a verdict for the appellee under an instruction from the Court, that upon the agreed statement of facts, the plaintiff (appellant) was not entitled to recover.

The appellant offered six prayers, all of which were rejected, and the same are omitted, as they do not aid in elucidating the opinion of the Court.

The cause was argued before BARTOL, C. J., GRASON, MILLER and ROBINSON, J.

*Thomas J. McKaig, Jr.*, for the appellant.

Illegal and excessive freights, charged and collected are recoverable back in an action for money had and received, on the ground that the relative positions of company and shipper, constitute its practical duress, and the principle of voluntary payment, decided in *Lester vs. Mayor and City Council*, 29 *Md.* 415, and cited in the appellee's brief, has no application to this case. 1 *Red. on Railways*, 448, *sec.* 3; *The Great Western R. R. Co. vs. Sutton*, 12 *Law Times Reports*, 43, *and cases there cited;* *Centre Turnpike Co. vs. Smith*, 12 *Ver.*, 212; *Fearnly vs. Morley*, 5 *B. & C.*, 25; 2 *Adol. & Ellis*, 837; 7 *Greenl.*, 134; 2 *Esp.*, 123; 7 *Man. & Gran.*, 253; 1 *Wightwicke*, 22; 2 *Barn. & Ald.*, 206; 4 *Barn. & Cress.*, 200; 4 *Gill*, 425.

There is no conflict of authority upon this point, for a careful examination of both English and American cases will fail to discover a single decision wherein the right to recover, in this form of action, freights illegally collected, has been denied.

*John P. Poe*, for the appellee.

Conceding the rates charged and collected were excessive and even illegal, they have been paid voluntarily and cannot be recovered back. *Lester vs. Mayor & City Council of Baltimore*, 29 *Md.*, 418, *and cases there cited; Sutton's Case*, 3 *Hurl. & Colt*, 800 ; *Garton's Case*, 1 *Best & Smith*, 112 and 154.

GRASON, J., delivered the opinion of the Court.

This is an action of *indebitatus assumpsit* for money had and received to the plaintiff's use, and is brought to recover the sum of forty-two thousand, three hundred and seventy-eight dollars and twenty-one cents, that sum being the difference between the sum charged and received from the plaintiff, for freights on its coal transported over the defendant's road, from July 1st, 1864, to March 10th, 1871, and the amount the plaintiff would have had to pay had it been charged the lowest rate at which the defendant transported coal for any other person or company during the same time. The case was tried upon an agreed statement of facts, which is set out in the record, and at the trial the plaintiff offered six prayers, all of which were rejected, and the Court granted an instruction that upon the agreed state of facts, the plaintiff was not entitled to recover, and the judgment being in favor of the defendant the plaintiff appealed.

One of the grounds relied upon by the appellee's counsel for sustaining the rulings of the Court below is, that the payments of the freights charged by the appellee were voluntarily made by the appellant, and therefore cannot be now recovered, even conceding that they were illegally charged.

This question has been clearly and definitively settled in this State by the cases of *Mayor and City Council of Baltimore vs. Lefferman*, 4 *Gill*, 431 ; *John B. Morris vs. The Mayor and City Council of Baltimore*, 5 *Gill*, 247, and

*Lester vs. The Mayor and City Council of Baltimore*, 29 *Md.*, 418.

In the first of these cases Lefferman had received a notice from the City authorities to build a stone wall upon his property, binding upon Jones' Falls, and that, if he failed to build it by the time specified in the notice, they would build it and charge the cost to him. Lefferman accordingly built the wall and then brought suit to recover from the City the money he had expended in its erection, on the ground that the Act of 1821, chap. 252, under authority of which the Mayor and City Council had acted, was unconstitutional and void. The case was very fully argued and the Court, in its opinion, says: "It is now established by an unbroken series of adjudications in the English and American Courts, that where money is voluntarily and fairly paid with a full knowledge of the facts and circumstances under which it is demanded, it cannot be recovered back in a Court of law upon the ground that the payment was made under a misapprehension of the legal rights and obligations of the party."

And on page 436 of the same case, the Court further say: "We consider, therefore, the doctrine as established, that a payment is not to be regarded as compulsory, unless made to emancipate the person or property from an actual and existing duress, imposed upon it by the party to whom the money is paid." In the case of *Morris vs. The Mayor, &c. of Baltimore*, it appears that Mr. Morris paid taxes on his bank stock at a time to entitle him to a deduction of a certain per centage on the amount paid under an ordinance of the City, and that afterwards he brought suit to recover the taxes so paid, upon the ground that they had been illegally exacted. Judge MARTIN, in delivering the opinion of the Court of Appeals, says, "After a careful review and examination of the authorities, the Court announced in the case of the Mayor and City Council against Lefferman, what they regarded as

the true doctrine upon the subject of voluntary and compulsory payments, as far as it was applicable to the case before them; and we certainly have not been able to perceive any reason for departing from the propositions there enunciated."

"On the contrary, we desire to be understood as re-affirming the principles declared in the Mayor and City Council and Lefferman, and as that case cannot be distinguished from the one before us, we should have affirmed the judgment of the Court below, even if we had considered the tax as unconstitutional and void."

In the case of *Lester vs. The Mayor, &c. of Baltimore,* Lester paid his taxes after his property had been advertised for sale by the collector of the taxes, yet this Court said, "No principle is better settled than that where a person, with full knowledge of the *facts, voluntarily* pays a demand unjustly made upon him, though attempted or threatened to be enforced by proceedings, as appears to have been the case in this instance, it will not be considered as paid by compulsion, and the party, thus paying, is not entitled to recover, though he may have protested against the unfounded claim at the time of payment made.

In the case now under consideration, it is not claimed by the appellant's counsel, that the money sought to be recovered, was paid under a mistake of the *facts,* or under circumstances of duress, fraud or extortion. On the contrary, it appears from the agreed statement of facts that the appellee was carrying coal for the appellant for nearly seven years, during the whole of which time the latter was voluntarily paying the freights demanded. The case therefore is clearly within the principle decided by this Court in the cases referred to, and as that principle is conclusive against the right of the appellant to recover, it is unnecessary, to decide the other points presented by the record.

We concur in the rulings of the Circuit Court, and its judgment must be affirmed.

*Judgment affirmed.*

(Decided 25th June, 1873.)