DOUGALD MCARTHUR v. THEODORE LUCE ET AL.

*Money paid under mistake of facts.*

| 43 | 435 |
| s5NW | 451 |
| s88AR | 204 |
| 129 | 197 |

One who after investigation pays a claim made in good faith, but afterwards found to be baseless, cannot recover back the money on the ground that it was paid under mistake of fact.

Error to Alpena.  Submitted April 22.  Decided April 28.

ASSUMPSIT.   Plaintiff brings error.

*Kelley & Clayberg* for plaintiff in error.   A claim cannot be re-opened if after having been disputed and asserted in good faith, it has been settled without fraud, undue advantage or mistake of fact, *Kercheval v. Doty* 31 Wis. 476; *Trigg v. Read* 5 Humph. 529; *Larue v. White* 8 Dana 46; *Ross v. McLauchlan* 7 Gratt. 86; an account stated may be impeached for mistake, *Lockwood v. Thorne* 11 N. Y. 170; *Philips v. Belden* 2 Edw. Ch. 1; or an award set aside, *Carter v. Carter* 109 Mass. 306; *Spoor v. Tyzzer* 115 Mass. 40;

specific performance will be denied when there was a mutual mistake as to the subject matter of the contract, *Jones v. Clifford* L. R. 3 Ch. D. 779; *Davis v. Shepherd* L. R. 1 Ch. App. 410; *Dale v. Roosevelt* 5 Johns Ch. 174; *Marvin v. Bennett* 8 Paige Ch. 312; *Lawrence v. Staigg* 8 R. I. 256; money paid under mutual mistake may be recovered back, *Little v. Derby* 7 Mich. 325; *McGoren v. Avery* 37 Mich. 120; *Bend v. Hoyt* 13 Pet. 263; *Waite v. Leggett* 8 Cow. 195; *Burr v. Veeder* 3 Wend. 412; *Wheadon v. Olds* 20 Wend. 174; *Kelly v. Solari* 9 M. & W. 54; *Bell v. Gardiner* 4 M. & G. 11; *Milnes v. Duncan* 6 B. & C. 671; *Lazell v. Miller* 15 Mass. 207; *Millett v. Holt* 60 Me. 169; *Lawrence v. Am. Nat. Bank* 54 N. Y. 432; *Kingston Bank v. Eltinge* 40 N. Y. 391; *Canal Bank v. Bank of Albany* 1 Hill 287; *Devine v. Edwards* 87 Ill. 177; *Bradford v. Chicago* 25 Ill. 410; *Allen v. Mayor* 4 E. D. Smith 407; *Lewellen v. Garrett* 58 Ind. 442; *Citizens Bank of Baltimore v. Grafflin* 31 Md. 507; *Mowatt v. Wright* 1 Wend. 363; *Guild v. Baldridge* 2 Swan 295.

*Turnbull & McDonald* for defendant in error. A *bona fide* claim with color of right will sustain a settlement, *Gates v. Shutts* 7 Mich. 132; *Moore v. Detroit Locomotive Works* 14 Mich. 275; *Hull v. Swarthout* 29 Mich. 252; the law will not disturb settlements made deliberately especially if acquiesced in for a long period, *Frazer v. Hext* 2 Strobh. Eq. 250; and when there was full opportunity to ascertain the amount due, *Boyer v. Pack* 2 Den. 108; *Brisbane v. Dacres* 5 Taunt. 143; 2 Smith's Leading Cases 242; *Mowatt v. Wright* 1 Wend. 364; *Williams v. Irving* 47 How. Pr. 440; a payment made voluntarily and with a knowledge of all the facts cannot be recovered back, *Stewart v. Ahrenfeldt* 4 Den. 190; *Clarke v. Dutcher* 9 Cow. 674; a settlement may be sustained if the parties thought there was a doubt in the case, 1 Pars. Cont. 439; *Mills v. Lee* 6 Mon. 91; *Moore v. Fitzwater* 2 Rand. 442; *Pierson v. McCahill* 21 Cal. 122; *Bennet v. Paine* 5 Watts 259.

MARSTON, C. J.   Luce & Co., in demanding that Mc-
Arthur pay them for logs cut, as they supposed, upon
their land, acted in entire good faith.   They had a sur-
vey made, and according thereto the plaintiff had cut
logs over the line.   When the claim was made upon the
plaintiff he employed a surveyor and they went upon
the land and plaintiff then became satisfied that he had
cut and taken logs from off defendants' land, and author-
ized a settlement to be made, which was done.   This
was in 1871 and all parties rested in the belief that a
correct settlement had been made until some time in
1875 when a new survey established the fact that no
logs had been cut upon defendants' land and this action
was brought to recover back the moneys paid, upon the
claim of having been paid under a mistake of fact.

Where a claim is thus made against another who, not
relying upon the representations of the claimant, has the
opportunity to and does investigate the facts, and there-
upon becomes satisfied that the claim made is correct
and adjusts and pays the same, I think such settlement
and payment should be considered as final.   If not, it
is very difficult to say when such disputed questions could
be considered as finally settled, or litigation ended.   In
the settlement of disputed questions where both parties
have equal opportunity and facilities for ascertaining the
facts, it becomes incumbent on each to then make his
investigation and not carelessly settle trusting to future
investigation to show a mistake of fact and enable him
to recover back the amount paid.   One course encoura-
ges carelessness and breeds litigation after witnesses
have passed beyond the reach of the parties : the other
encourages parties in ascertaining what the facts and
circumstances actually are while the transaction is fresh
in the minds of all, and a final and peaceful settlement
thereof.   *Detroit Advertiser & Tribune Co. v. Detroit,* ante
p. 116 and *County of Wayne v. Randall,* ante p. 137.

The judgment must be affirmed with costs.

The other Justices concurred.