(54 N. W. Rep. 919.)

---

HELENE WESSEL vs. D. S. B. JOHNSTON LAND & MORTGAGE CO.

Opinion filed March 8th, 1893.

### Redemption from Foreclosure Sale—Voluntary Payment.

Where a party in possession, and with full knowledge of all the facts, pays to the proper officer the money necessary to redeem certain real estate from a foreclorure sale by advertisement, which sale was made after the lien of the mortgage had been fully satisfied and destroyed, and where such payment is made for the sole purpose of preventing the execution of a deed to the purchaser at the foreclosure sale, which would create an apparent cloud upon the title, such payment is voluntary, and cannot be recovered.

### Payment Under Protest Unavailing.

That a payment was made under protest is of no avail, unless there was duress or coercion of some character, and then its only office is to show that such payment was made by reason of such duress or coercion. Protest can never make that involuntary which in its absence would be voluntary.

Appeal from District Court, Richland County; *Lauder*, J.

Reversed.

*McCumber & Bogart*, for appellant.
*W. E. Purcell*, and *L. B. Everdell*, for respondent.

BARTHOLOMEW, C. J. Action by Helene Wessel, the respondent, to recover certain money paid by her to redeem certain real estate owned by her from foreclosure sale under a power of sale

contained in a mortgage executed by her to the D. S. B. Johnston Land & Mortgage Company, the defendant and appellant. Trial to a jury. Verdict for plaintiff. Motion for a new trial denied and defendant appeals.

When the case was called for trial the appellant, by motion, asked to have the case dismissed because the complaint did not state facts sufficient to constitute a cause of action, and because the action was improperly brought, and also moved by judgment on the pleadings. An exception was taken to an adverse ruling on these motions. The central idea upon which these motions were based was that the money sought to be recovered was voluntarily paid by respondent. The complaint showed that on November 13th 1886, respondent executed to appellant her promissory note for $54, payable in six equal semiannual payments, of $9 each, and secured the same by mortgage on real estate. It avers payment of the first five payments as they became due, and tender of $9 on the last payment at appellant's office, in St. Paul, Minn., where the note was, by its terms, payable; that such tender was refused, and the amount deposited, subject to the order of appellant, in the First National Bank of St. Paul, where it has since remained. Avers the subsequent foreclosure of said mortgage by advertisement under the claim of $23.98 due thereon, and the sale of the real estate by the sheriff to appellant for said amount, with interest and costs of foreclosure; that respondent had no actual knowledge of such foreclosure proceedings and sale until about three months before the expiration of the term for redemption, and that prior to the expiration of said time, and to prevent the execution of a sheriff's deed to said realty, respondent paid to the sheriff the amount necessary to redeem from such sale. The payment was accompanied by a written protest.

Under these circumstances, was the payment voluntary, or was it under legal duress? We think the answer must be that it was voluntary. There is no claim that such payment was made under any mistake of facts. The facts were all known and understood,

and under the allegations the lien of the mortgage was entirely destroyed when tender of the last payment was made. Immediately upon the refusal thereof,—which was well known to respondent,—she might have brought her action in equity against appellant, and compelled a satisfaction of the mortgage of record. This right she failed to exercise. The subsequent sale under the foreclosure was made to the mortgagee, who, if such were the fact, had full knowledge that the lien of the mortgage had been extinguished by tender of the full amount due thereon, and that the power of sale contained therein was no longer operative. Under these circumstances, nothing passed to the mortgagee by virtue of such sale. A sheriff's deed to appellant, based upon such sale, would be of no effect to divest respondent's title. She was in possession, and no action by appellant could disturb that possession. Further, she had actual knowledge of the foreclosure proceedings three months before the time for redemption expired. The appellant continued to hold the certificate until the expiration of the redemption period, and was, according to the complaint, "about to apply for a sheriff's deed of said premises, by virtue of said pretended foreclosure and sale." At any time during the three months that she had knowledge of the sale, and prior to the expiration of the time for redemption, an application to the proper court would have resulted in a perpetual injunction against the execution of the deed. After the execution of the deed, she might have maintained an action to remove the apparent cloud created thereby. There is no allegation that appellant was threatening or intending to transfer the certificate or convey the land after receiving the deed. Without intimating whether or not it would have been in the power of appellant to prejudice respondent's rights by any such transfer to a bona fide purchaser, it is sufficient to say that in either case the filing of a *lis pendens* would have afforded her complete protection. The same testimony that would establish, in the case at bar, that the money sought to be recovered was paid upon an unjust claim, would have enabled respondent to succeed in either of the actions above

indicated. No case can be found wherein the party had so ample opportunity to litigate, and yet elected to pay, in which the payment was held to be involuntary. There is no allegation or suggestion of any immediate or special damage to her by reason of the cloud upon her title that would have been created by the deed. The only circumstance relied upon to constitute legal duress is the fact that, had respondent suffered the deed to issue, the whole value of the land would have been risked upon the successful termination of the litigation, instead of the small amount required to redeem. We are sure no case can be found wherein that circumstance, alone, has been held to render a payment involuntary. With the reasoning of the well considered case of *Joannin* v. *Ogilvie*, (Minn.) 52 N. W. Rep. 217, chiefly relied upon by counsel for respondent, we fully agree. It may be that the application of the reasoning to the facts in that case carried the court as far as any decided case has gone, but a mere statement of the facts will show their radical difference from the facts in the case at bar. There a party had placed an unfolded mechanic's lien upon certain realty. There was a prior mortgage upon the property, which was due, and foreclosure proceedings were threatened. The only resource of the owner for raising money to meet such mortgage was by placing another mortgage upon the land. This he could not do while the mechanic's lien remained of record. He paid the unfounded claim under protest, and was allowed to recover the money. There was an immediate, special, and irreparable injury, by reason of the cloud, that could not tolerate the delay incident to its removal by an action in equity. The case of *Panton* v. *Water Co.*, Id. 527, was decided upon the same principle. In *Shane* v. *City of St. Paul*, 26 Minn. 543, 6 N. W. Rep. 349, the defendant was about to issue a tax deed to certain land belonging to plaintiff, upon a tax sale certificate. The sale had been made in pursuance of a judgment void upon its face. The deed, when issued, would be *prima facie* evidence of title, and would constitute a cloud upon plaintiff's title. He redeemed from the tax sale, under protest, and sought to

recover back the money so paid. A recovery was denied. The plaintiff was in possession, and the court said: "The execution and delivery of the tax deed in accordance with the alleged threat could work no disturbance to that possession, for, being founded upon a judgment void upon its face, its invalidity could always been shown, to defeat any claims that might be at any time asserted under it. There was therefore no necessity for plaintiff to make any redemption in order to protect his possession of the property. Neither was he required to do so to avoid any injurious consequences which might arise by reason of the apparent cloud which might be cast upon his title, for upon the facts stated he had a perfect and adequate remedy by action for the removal of such apparent cloud, whenever created."

We deem it a well settled rule of law that where a party, with full knowledge of the facts, pays a demand that is unjustly made against him, and to which he has a valid defense, and where no special damage or irreparable loss would be incurred by making such defense, and where there is no claim of fraud upon the part of the party making such claim, and the payment is not necessary to obtain the possession of the property wrongfully withheld, or the release of his person, such payment is voluntary, and cannot be recovered. Nor will the fact that such payment was accompanied by a protest make that involuntary which otherwise would be voluntary. A protest is of no avail unless there be duress or coercion of some character, and then its only office is to show that the payment is the consequence of such duress or coercion. *Benson* v. *Monroe*, 7 Cush. 125; *Commissioners* v. *Walker*, 8 Kan. 431; *Emmons* v. *Scudder*, 115 Mass. 367; *Lester* v. *Mayor*, etc., 29 Md. 415; *Potomac Coal Co.* v. *Cumberland & P. R. Co.*, 38 Md. 226; *Gerecke* v. *Campbell*, 24 Neb. 306, 38 N. W. Rep. 847; *Mariposa Co.* v. *Bowman*, Deady, 228; *Lamborn* v. *Commissioners*, 97 U. S. 181; *Powell* v. *Board*, 46 Wis. 210, 50 N. W. Rep. 1013. The District Court is directed to reverse the judgment in this case, and enter judgment for the defendant on the pleadings. All concur.