ALBERT F. BEHRING ET AL., PLAINTIFFS BELOW AND DEFENDANTS IN ERROR, v. ALONZO SOMERVILLE, DEFENDANT BELOW AND PLAINTIFF IN ERROR.

Argued June 29, 1899—Decided November 20, 1899.

1. S. held an assignment as collateral security of a mortgage against B. from K., the holder of it, who had previously assigned it to another by an assignment which was recorded at the time K. assigned it to S., but the mortgage was left in the hands of K. and by him delivered to S. B., in the presence of K., paid S. the sum due him from K., and paid K. the balance due on the mortgage, which was delivered up and canceled. B., having been compelled to pay the mortgage to the first assignee, sued S. for the money paid by her to him. *Held*, that as the money was paid by B. to S. on a mistake of fact, of which both were ignorant and there being no fraud, the money could not be recovered back by B.

2. Where the fact is equally unknown to both parties and where each has equal means of information, money paid upon a mistake of fact cannot, in the absence of fraud, be recovered back, the money being due to the payee.

3. That as S. had surrendered his assignment and lost his legal hold upon the mortgage, B. could not call upon him to refund the money paid to him without restoring him to his lost position.

4. In dealing with a special verdict in strict practice, the court draws conclusions of law from facts found, but does not draw conclusions of fact from evidence. The material fact relied upon should be expressly found.

On error to the Supreme Court.

For the plaintiff in error, *Philemon Woodruff.*

For the defendants in error, *Colie, Swayze & Titsworth.*

The opinion of the court was delivered by

Van Syckel, J.   This case was tried below before Mr. Justice Depue, by consent of parties, without a jury.   The said justice found the following facts:

On the 5th of February, 1885, Mrs. Behring executed a mortgage for $500 to William King.

William King's executors, on the 23d of October, 1886, assigned said mortgage to Isaac W. King, which assignment was recorded November 22d, 1886.

Isaac W. King assigned this mortgage, and also a mortgage against one Hartman for $700 to one Mott, April 29th, 1890, to secure a note for $1,000.

This assignment was recorded in February, 1892.   Judgment was obtained by Mott against Isaac W. King on this note in May, 1895, for $1,200.66.

King is insolvent and resides out of this state.

King retained possession of the Behring bond and mortgage after he assigned it to Mott, and on the 25th of March, 1893, assigned it to the said Somerville to secure the sum of $325, which assignment was recorded November 3d, 1893.

Somerville had the records searched before he took said assignment, and the prior assignment to Mott was overlooked.

On the 11th of October, 1893, Mrs. Behring, at King's request, went with him to Somerville's office, and there paid the principal sum due on the mortgage, the interest being abated by an arrangement between King and Mrs. Behring.

Mrs. Behring gave Somerville $325, and paid the balance to King.

The mortgage was produced by Somerville and a receipt directing the county clerk to cancel it was signed by King and Somerville, and then King went with Mrs. Behring to the clerk's office and took the receipt and mortgage and had the mortgage canceled of record.

The receipt was as follows:

"County clerk of Essex county, the within mtg. being fully paid and satisfied, please cancel the same of record.

"ISAAC W. KING,
"A. SOMERVILLE."

Neither Mrs. Behring nor Somerville had actual notice of the assignment to Mott.

This suit was brought by Mrs. Behring to recover from Somerville the money which she paid him on account of the mortgage.

By agreement of the respective parties it was submitted to the Supréme Court upon the facts found as aforesaid whether Mrs. Behring was entitled to recover of Somerville the said sum of $325, and that the said special case might be turned into a special verdict.

Thereupon, the Supreme Court being of opinion that Mrs. Behring was entiled to recover, at the request of the attorney of Somerville, ordered that said special case be treated as if a special verdict had been rendered by a jury of the above-stated facts as found by said justice of the Supreme Court, and upon motion of the attorney of Mrs. Behring entered judgment upon said verdict in favor of Mrs. Behring and against Somerville for the sum of $430.50.

The writ of error in this case is prosecuted to review the judgment of the Supreme Court.

It appears by the facts found that neither Mrs. Behring nor Somerville had actual notice of the assignment to Mott, and there is no evidence whatever to charge Somerville with fraud or want of good faith in this transaction.

The statute authorizing the recording of assignments of mortgage provides that such record shall be notice of such assignment to all persons concerned from the time the assignment is left for record. ·

Both Mrs. Behring and Somerville are therefore chargeable with constructive notice of the previous assignment to Mott, but neither having actual notice, the mistake of fact upon which they acted was mutual, each believing that Somerville had a valid assignment of the mortgage subject to no paramount equities, and each having equal and adequate means of ascertaining the real situation by reference to the record.

In *Deare* v. *Carr*, 2 *Gr. Ch.* 513, the Chancellor said : " There are a great variety of cases in which relief will be afforded ; so many, indeed, as to have, given rise to the general rule that an act done or a contract made under a mistake or ignorance of a material fact is voidable and relievable in equity. The rule has a number of important qualifications or exceptions, and these are often as important as the rule itself."

After discussing the authorities Chancellor Vroom classified the case in hand with the exceptions to the general rule for the reason that the party seeking relief on the ground of a mistake of fact could have ascertained the true situation by reference to the record of mortgages.

As applicable to that case, where a purchase was made at sheriff's sale, the parties acting in like ignorance of the record, he lays down the rule that where the fact is equally unknown to both parties or where each has equal and adequate means of information and both have acted in good faith, the court will not interfere.

The right of a debtor to recover from his creditor money paid by mutual mistake, in excess of what is due and owing, is not questioned, because there the position of the creditor is in nowise injuriously affected by requiring him to restore the overpayment.

But in the case *sub judice,* both parties having acted in

ignorance of a material fact, neither can claim a right to relief superior to the other; they must be left in the position in which they placed themselves.

Somerville had, in fact, good title to the mortgage, subject to the right of Mott, the prior assignee. He had a right to receive payment of his note and surrender his claim upon the mortgage he held as collateral.

He did that in the presence of Mrs. Behring, the mortgagor, who paid him the amount due him, and also in the presence of King, who had assigned and delivered the bond and mortgage to him.

Somerville was under no legal obligation to ascertain whether any equities prior to his own existed and give such information to Mrs. Behring.

Somerville, in this transaction, surrendered his assignment and lost his legal hold upon the bond and mortgage as security for his claim against King, and Mrs. Behring cannot call upon him to return the money paid by her without restoring him to his position.

That was recognized as the correct legal rule in *Shand* v. *Grant*, 109 *Eng. Com. L.* 323, where the court refused to allow a recovery of money paid under a mistake of fact as against persons who had changed their position in good faith, believing the payment to have been rightly made.

The judgment of the Supreme Court should therefore be reversed.

No question being started as to the form of the special verdict, the case has been disposed of as if the special verdict had found that the payment was made to Somerville upon a mistake of fact. The special verdict contains evidence that Mrs. Behring paid under a belief that the defendant owned the bond and mortgage and that she received the money under a like belief. Facts are stated from which such a conclusion may be drawn, but there is not an express finding that the money was paid under a mistake of fact.

In dealing with a special verdict, in strict practice, the court draws conclusions of law from facts found, but does not draw conclusions of fact from evidence.

*For affirmance*—HENDRICKSON. 1.

*For reversal*—DEPUE, VAN SYCKEL, DIXON, GARRISON, LIPPINCOTT, COLLINS, BOGERT, NIXON, ADAMS, VREDENBURGH. 10.