## Ex Parte Richard & Thalheimer.

### Assumpsit.

(Decided April 10, 1913. 61 South. 819.)

*Courts; Controlling Decision; Conflict.*—The finding of the Court of Appeals examined and held not to conflict with prior decisions of the Supreme Court that money paid under a mistake of a material fact on the part of the payor, may be recovered of the person receiving it, and hence there was no occasion to review the decision of that court.

Certiorari to Court of Appeals.

Petition by Richard & Thalheimer for certiorari to the Court of Appeals, to review the judgment and decision of that court reversing the decision of the trial court in the case of *Kornegay v. Richard & Thalheimer,* revived in the name of Russell as Administrator of Kornegay, and reported in 6 Ala. App. 73; 60 South. 411. Certiorari denied.

PETTUS, FULLER & LAPSLEY, for appellant. There is no question but what appellees paid their money to ap-

pellant while acting under a mistake of material fact, and that neither knew that the mortgage held by appellant was a forgery; hence, plaintiffs were entitled to recover in this case, as for money paid under a mistake of fact.—*Young v. Lehman-Durr & Co.,* 63 Ala. 519; *Hunt v. Matthews,* 132 Ala. 286; *Rutherford v. McKeever,* 21 Ala. 750; 78 N. E. 153; 13 Am. St. Rep. 391; sec. 4980, Code 1907.

REESE & REESE, and DANIEL PARTRIDGE, JR., for appellee. The court in determining this case did not violate any prior decisions of the Supreme Court, their conclusions were correct, and they properly applied the law. Hence, there is no office for the writ of certiorari to perform.—*Ala. Nat. Bank v. Rivers,* 116 Ala. 1; *M. & M. R. R. Co. v. Felrath,* 67 Ala. 189; *Gardner v. Allen,* 6 Ala. 8; *Wilson v. Sargent,* 12 Ala. 778; *Merrill v. Brantley,* 133 Ala. 537.

DE GRAFFENRIED, J.—This is a petition for a writ of certiorari to the Court of Appeals. The Court of Appeals in this case recognized the rule of law which is quoted by petitioners' counsel, and which was announced by this court in *Young & Son v. Lehman, Durr & Co.,* 63 Ala. 519, viz.: "The general rule of law is clear and undisputed that money paid under a mistake on the part of the payor of a material fact may be recovered of the person receiving it in an action of assumpsit on either of the common counts for money had and received, or for money lent, or for money paid. The authorities in this court do not excuse the person receiving from liability, because the payor, before making payment, had in his power the means of ascertaining the facts, and was not diligent in the employment of such means."

In the instant case an impostor, representing himself to be the owner of a tract of land, obtained from Richard & Thalheimer a loan of $850. The impostor assumed the name of the real owner of the land, and in ignorance of the truth, and believing the impostor to be the man he represented himself to be, Richard & Thalheimer made the loan. The impostor told Richard & Thalheimer that there was a mortgage on the land, and it was understood that the loan was not to be closed until this prior mortgage was paid off in full. When the papers had all been executed, a check for the money was by agreement of all the parties made to one Bishop, an attorney, who was to see that the titles were all clear before the loan was closed. The impostor and Bishop left Richard & Thalheimer's office, the check was cashed, the prior mortgage was paid off in full, and it was reported to Richard & Thalheimer that their mortgage had been filed for record. The true owner of the land subsequently turned up, the fraud was discovered, and this suit was brought by Richard & Thalheimer against the prior mortgagee— Kornegay—to recover of him the money which had been paid him in discharge of his mortgage. Neither Bishop, nor Richard & Thalheimer knew the real owner of the land, but believed that the impostor was what he claimed to be, and Kornegay, the holder of the prior mortgage, knew nothing of the imposture or fraud until after the money had been paid him and his mortgage discharged. Kornegay died after this appeal was taken, and the cause was revived in the names of the executors of Kornegay.

The Court of Appeals found as a fact in this case that the impostor, and not Richard & Thalheimer, paid to Kornegay the money in discharge of the mortgage. This being true, the Court of Appeals in this case in no way inpinged the above rule announced by this court

[Pence v. Mutual Ben. L. Ins. Co.]

in *Young & Son v. Lehman, Durr & Co., supra,* but, on the other hand, fully recognized that rule. distinguishing the instant case from the case of *Strauss v. Hensey,* 9 App. D. C. 541, in which the Court of Appeals of the District of Columbia applied the rule declared in *Young & Son v. Lehman, Durr & Co., supra,* in a case in which the facts were similar in many respects to the facts in the instant case. Of course, if the impostor paid Kornegay and Kornegay innocently received the money as stated, then Richard & Thalheimer were not entitled to recover the money of Kornegay.

The opinion of the Court of Appeals in this case is to be found in 6 Ala. App. 73, 60 South. 411, and under the facts as the Court of Appeals found them to exist the legal propositions announced by that court are not only not in conflict with, but are in perfect harmony with, the previous decisions of this court.

The writ of certiorari is denied.