## ·. F. C. RISING v. D. O. TOLLERUD.

(157 N. W. 696.)

Action to recover for money claimed to be overpaid upon a threshing bill. Trial to court without a jury. Evidence examined and *held:*

**Threshing bill — money overpaid on — action to recover back — trial to court — evidence — findings — grain threshed — amounts — testimony — preponderance.**

1. That the finding of the trial court that there was not competent evidence introduced by the plaintiff to show any other amounts of grain threshed than shown by the tally is not against the clear preponderance of the testimony.

**Payments — with full knowledge of all facts — action — evidence — recovery.**

2. The evidence discloses that plaintiff paid said sums with a full knowledge of all of the facts now known to him, and for that reason should not recover in this action.

Opinion filed April 10, 1916. Rehearing denied April 29, 1916.

Appeal from the County Court of Benson County, *Comstock,* J. Affirmed.

*R. A. Stuart,* for appellant.

Where a party, with full knowledge of all the facts, pays a demand that is unjustly made against him, and to which he has a valid defense, and where there is no fraud, such payment is voluntary and cannot be

recovered back. But this is a harsh rule and has been harshly applied, and courts feel that it should not be twisted and distorted so as to apply to a case such as the one before us. The money was not paid voluntarily under the evidence here. Wiles v. McIntosh County, 10 N. D. 598, 88 N. W. 710; O'Neil v. Tyler, 3 N. D. 54, 53 N. W. 434; Lown v. Casselman, 24 N. D. 342, 139 N. W. 804.

*Torger Sinness* and *Clyde Duffy*, for respondent.

The question of voluntary payment would be before the court even though the amended answer were excluded. The payment must prove that the overpayment, if any, was not voluntarily made, as part of his case. Wessel v. D. S. B. Johnston Land & Mortg. Co. 3 N. D. 160, 44 Am. St. Rep. 529, 54 N. W. 922; First Nat. Bank v. Laughlin, 4 N. D. 391, 61 N. W. 473.

A party should make all reasonable and necessary investigations before making payment of a demand about which he has any doubt. 2 R. C. L. 785.

It is of course settled that money paid with a full knowledge of all the facts, and where no fraud exists, cannot be recovered back. 2 R. C. L. 784; Wessel v. D. S. B. Johnston Land & Mortg. Co. supra; Dickinson v. Carroll, 21 N. D. 271, 37 L.R.A.(N.S.) 286, 130 N. W. 829; Kimpton v. Studebaker Bros. Co. 14 Idaho, 552, 125 Am. St. Rep. 185, 94 Pac. 1039, 14 Ann. Cas. 1126; New Orleans & N. E. R. Co. v. Louisiana Constr. & Improv. Co. 94 Am. St. Rep. 409, note.

BURKE, J. Plaintiff is a real estate dealer and loan broker with offices in several towns. He was also the owner of several farms. One F. A. Tollefson was associated with plaintiff at Minnewaukan, North Dakota. During the summer of 1914 one of Rising's farms was leased by one Heitkemper, who, during said season, grew thereon something over 1,000 bushels of wheat, around 900 bushels of oats, and something over 500 bushels of barley. The threshing was done by the defendant Tollerud. The agreed price was 10 cents for wheat, 7 cents for oats, and 8 cents for barley. The dispute in this case relates entirely to the number of bushels of each kind of grain that was actually threshed. Defendant, who was the separator man upon his own machine, testifies that the tally was correct and showed 1,409 bushels of wheat, 1,182 bushels of oats, and 782 bushels of barley. Part of

the wheat was hauled to an elevator at Esmond, and, according to the present claim of plaintiff, ran far short of the machine measure. Some of the oats were fed by the threshers and the remainder hauled into a granary. Plaintiff also claims that there was a shortage there, as also in the barley. Notwithstanding these facts, which were known to plaintiff's tenant and to his associate in business (Mr. Tollefson), and also brought to his own attention, the plaintiff Rising paid the full amount of the threshing bill to defendant. While plaintiff was not himself a witness at the trial, it was the theory of his counsel and witnesses that plaintiff believed that some of the grain had been stolen by his tenants, and that it would be necessary for him to pay for the entire threshing bill before taking suitable proceedings against the tenant. This action is brought to recover the amount of the threshing bill which plaintiff alleges was overpaid. The case was tried below in county court without a jury. The evidence offered by plaintiff tended to show that the elevator at Esmond allowed 1,077 bushels of wheat, instead of 1,409, and that, as already intimated, a measurement of the oats and barley showed a similar shortage. The elevator man was not called as a witness; nobody testified that the elevator weights were correct, and nobody testified as to the exact amount of oats that were fed or wasted by the threshers. The trial court found in favor of defendant. His finding, of course, has the weight of a special finding of a jury, and will not be disturbed unless clearly against the preponderance of the evidence. Defendant in this court offers several reasons why the findings of the trial court should stand. We will consider but two:

(1) There was no competent evidence introduced by plaintiff showing the actual number of bushels of any kind of grain threshed. While the tally is not conclusive, yet the fact that plaintiff was represented at the threshing machine and the evidence showing that the tallying apparatus was frequently examined is strong evidence that it was correct. There is also evidence given by one of plaintiff's witnesses that he (the witness) had checked one load as it was weighed in at the threshing machine and weighed out at the elevator and he was asked:

Q. How did it hold out?

A. I do not just remember. There was but very little difference.

Q. Just a few pounds?

A. I think so.

As already stated, the elevator man was not sworn; no one vouched for his scales or the correctness of his figures, and there is some evidence at least that all of the wheat was not delivered, to the elevator. That there had been some dispute amout the disposition of the wheat is shown from the following extracts of Tollerud's testimony. He says that the tenant and plaintiff's business manager came to his place and the tenant said: "Did you tell Rising I hauled wheat in to Van Leit's granary?" and I said, 'Yes, I did tell Rising of it,' and he said, 'You are a liar if you did,' and I told him he should not call me a liar—and he said, 'when you told Rising that I hauled grain in to Van Leit's granary, you are a liar,' and I said, 'That might be so now, I do not know whether it was you or some of the other boys, but I asked you at the separator if you were not hauling it there,—and you told me there was a deal you and Bill were fixing up.' About something like that we had it there."

This conversation was not denied by plaintiff's witnesses, although they did claim that the amount actually hauled to Van Leit's was about 9 bushels. The same reasoning applies to the weight of the oats. The only evidence as to the amount actually threshed, besides the evidence of the thresher who relies upon the tally, is the evidence of the tenant and his hired help that after the threshers had fed their teams from the oats for four days the balance was put into a granary and there measured. The amount in the granary, with an estimate of the amount of grain fed, was the only evidence offered on behalf of the plaintiff. Regarding the barley,—that was placed in bins and there measured by the tenant. Upon this state of the evidence which, of course, we cannot reproduce more fully here, it could not be said that the findings of the trial court are against a fair preponderance thereof.

(2) Another reason why defendant should prevail is that the payment made was voluntary, with the full knowledge of all of the facts.

As we have already stated, plaintiff was not a witness, but his business associate, Tollefson, testified as follows:

Q. And you found the wheat short according to his figures?

A. Yes, sir.

Q. And you found the oats short, according to his figures?

A. Yes, sir.

Q. And you informed Rising of this fact?

A. Yes, sir.

. . . . . . . . . . . . . . . . . . .

Q. And it was quite a long time after that that you drew the check and Mr. Rising signed the check, which is now exhibit "1" and gave it to Tollerud in payment of the threshing bill?

A. That was a few days after Mr. Rising had gotten back from the West.

Q. At that time both you and Mr. Rising knew about this supposed shortage?

A. Yes, sir. . . . We paid it directly upon what he asked, because Mr. Rising figured he would have to pay him the full amount in order to get damages if he was going to get any damages.

In other words, Rising made this payment with full knowledge of every fact that he now claims to know, excepting possibly the amount of the grain appropriated by the tenant. That it was the duty of plaintiff to make a full investigation of this latter is shown by the text at 2 R. C. L. page 785, which reads: "Moreover, in the settlement of disputed questions where both parties have equal opportunities and facilities for ascertaining the facts, it becomes incumbent on each then to make his investigation, and not carelessly settle, trusting to future investigation to show a mistake of fact and enable him to recover back the amount paid. One course encourages carelessness and breeds litigation, after witnesses have passed beyond the reach of the parties; the other encourages parties in ascertaining what the facts and circumstances actually are while the transaction is fresh in the minds of all and a final and peaceful settlement thereof." Walser v. Board of Education, 160 Ill. 272, 31 L.R.A. 329, 43 N. E. 346; McArthur v. Luce, 38 Am. Rep. 204, and note, 43 Mich. 435, 5 N. W. 451; Behring v. Somerville, 63 N. J. L. 568, 49 L.R.A. 578, 44 Atl. 641; Wessel v. D. S. B. Johnston Land & Mortg. Co. 3 N. D. 160, 44 Am. St. Rep. 529, 54 N. W. 922.

The other questions argued in appellant's brief are answered in those two propositions and are without merit. Judgment of the trial court is affirmed.