[No. 16999. Department One. May 8, 1922.]

CHARLES H. GAFFNER, *Appellant*, v. AMERICAN FINANCE COMPANY *et al.*, *Respondents*.[1]

MONEY RECEIVED (6)—PAYMENT (32-1)—VOLUNTARY PAYMENTS—MISTAKE. An innocent purchaser of a stolen automobile, who paid off a mortgage thereon, previously given by the thief, cannot recover from the mortgagee as for money had and received under the general rule relating to moneys paid by mistake which the recipient ought not, in good conscience, to retain; since the equities are equal, the debt secured was actual and enforcible and a valid consideration, though the mortgage was unenforcible.

Appeal from a judgment of the superior court for King county, Smith, J., entered October 28, 1921, upon findings in favor of the defendants, in an action for money received, tried to the court. Affirmed.

*Carkeek, McDonald, Harris & Coryell,* for appellant.

*Bausman, Oldham, Bullitt & Eggerman* and *Walter L. Nossaman,* for respondents.

[1]Reported in 206 Pac. 916.

BRIDGES, J.—This was an action for money had and received. The defendant Sargent was connected with the defendant American Finance Company. The facts as found by the trial court (and which are clearly supported by the evidence) are as follows: One Hughes stole an automobile in California and drove it to Seattle. Sometime thereafter he sought to obtain a loan on it from the finance company. It did not know Hughes and did not know anything about the title to the machine. After making such investigation as it could, it concluded that Hughes owned the machine, and made him a loan thereon in the sum of $465.22. It took from him a chattel mortgage covering the machine as security for the money loaned, which mortgage was duly recorded in the office of the auditor of King county. Thereafter Hughes entered into negotiations with the appellant for the sale of the automobile. Appellant was informed by Hughes that the finance company held a mortgage on it. The price was agreed upon. Hughes and the appellant went to the office of the finance company for the purpose of closing the deal. While there, the appellant paid the finance company the balance due it, secured a release of the mortgage and a surrender of the note which had been given by Hughes, and paid the balance of the purchase price directly to Hughes. Some days thereafter the police of Seattle found the machine on the street and took it, and ultimately it was returned to the person from whom it had been stolen. The plaintiff brought this action to recover the amount he had paid to the finance company. There was a judgment for the defendants. The plaintiff has appealed.

The general principle of law upon which the appellant seeks reversal is that where one pays money to another through mistake he is entitled to recover it.

The cases which may ·be considered directly in point are few and not altogether harmonious.

In the case of *Grand Lodge, A. O. U. W. v. Towne,* 136 Minn. 72, 161 N. W. 403, the facts were substantially these: B was the owner of certain real estate. A, pretending to represent B, but without authority so to do, obtained a loan of $2,500 from C, and delivered the latter a note and mortgage supposed to have been executed by B. Both of these were forged. A appropriated the money. B had no knowledge of the transaction until long after. Later A, still pretending to represent B, the .owner of the real estate, obtained a loan of $5,000 from D, delivering to the latter a note and mortgage on the same real estate. Both of these instruments were forged. The abstract of title showed the first mortgage and D required a release thereof. The $5,000 was paid by D to A, who in turn paid $2,500 of the amount to C, the first mortgagee, and secured a release of his mortgage. A appropriated the balance of the money. After D, the second mortgagee, learned of the frauds, he instituted suit against C, the first mortgagee, to whom the $2,500 had been paid, for the recovery of that money, contending that the money had been paid and received because of a mistake of fact. Held: that the money which C received was paid to him by D and was D's money, and that D could recover.

In the case of *Strauss v. Hensey,* 9 App. Cas. D. C. 541, the facts were strikingly similar to those in the *Towne* case, *supra,* and the court arrived at substantially the same conclusion.

In the case of *Ex parte Richard & Thalheimer,* 180 Ala. 580, 61 South. 819, the facts were very similar to those in the *Towne* case, *supra.* The court held that the money which was paid to the first mortgagee was that of the imposter and not the second mortgagee, notwithstanding the fact that the money was paid directly

by the second mortgagee to the first mortgagee, and further held that the second mortgagee could not recover the money which had been paid to the first mortgagee.

In the case of *Walker v. Conant*, 69 Mich. 321, 37 N. W. 292, 13 Am. St. 391, the facts were as follows: A was the owner of certain real estate, and B was his son. The son, pretending to represent the father, obtained a loan of $1,000. He forged his father's name to a note and mortgage and appropriated the money received. Later the son, still pretending to represent his father, obtained from C a loan of $3,000. To get this money he again forged the name of his father to the note and mortgage. One thousand of the $3,000 loaned by C was paid to the first mortgagee to secure a release of his mortgage. The son appropriated all of these amounts, and the father was ignorant of all the transactions. After the frauds were discovered C, the second mortgagee, sought to recover from the first mortgagee the $1,000 thus paid to him. Held: that the plaintiff could not recover.

In the case of *Merchants' Ins. Co. v. Abbott*, 131 Mass. 397, the facts were: Abbott had a policy of insurance on some property which was destroyed by fire. At the same time he owed certain amounts to Denny, Rice & Company, and assigned to them all moneys which he claimed he was entitled to receive on account of his insurance. The insurance company, being aware of the assignment, paid the insurance money directly to Denny, Rice & Company. Later it developed that Abbott had been criminally connected with the fire and had defrauded the insurance company, which then brought suit against Abbott and the Denny, Rice Company, wherein it sought judgment against Abbott for the full amount of the insurance money, and against Denny, Rice & Company for the amount paid to it, on

the ground that the money was paid through mistake of fact and that the company had no right to retain it. It was held that judgment could be recovered against Abbott for the full amount, but denied any recovery against Denny, Rice & Company.

A good many other cases have been cited, but we think the foregoing are the only ones which have a direct bearing on this case.

The general rule is that an action for money had and received can be maintained whenever one has received money from another by mistake, and which the receiver ought not, in equity and good conscience, retain. We are of the opinion, however, that the facts of this case do not come within that rule. The respondent had made a *bona fide* loan to Hughes not upon a forged note, but upon that given by the borrower himself. Hughes actually became indebted to the respondent. It is true the mortgage given to secure the indebtedness was upon a stolen machine, and was consequently fraudulently made and probably invalid; but the mortgage was a mere incident of the loan. Though the mortgage was invalid and worthless, the debt it secured was actual and enforcible. The appellant tried to purchase Hughes' automobile but wished it to be clear of the apparent encumbrance. The money which was paid to the respondent was to discharge a *bona fide* indebtedness; consequently, it cannot be said that there was no consideration for the payment, or that the respondent cannot, in good conscience, keep the money. The situation is different than in those cases where both the note and mortgage were tainted with fraud. Here there was no mistake as to the indebtedness which was paid. The following cases, although not directly in point, are enlightening on the proposition we have just discussed: *Ball v. Shepard*, 202 N. Y. 247, 95 N. E. 719; *Behring v. Somerville*, 63 N. J. L. 568, 44 Atl. 641,

49 L. R. A. 578; *Brand v. Williams*, 29 Minn. 238, 13 N. W. 42; *Winslow v. Anderson*, 78 N. H. 478, 102 Atl. 310, L. R. A. 1918C 173; *Merchants' Ins. Co. v. Abbott, supra.*

The appellant could not, of course, recover unless in legal contemplation it was his money that was paid to respondent. Respondent has argued that the money so paid by the appellant was a part of the purchase price for the automobile and was, in fact, the money of Hughes at the time it was paid to the respondent, and that the fact that appellant physically paid a part of the purchase price to the respondent and the balance to Hughes could not alter the legal status. Most of the courts seem to support this view. In the *Abbott* case, *supra*, the court said:

"The case stands just as if the money had been paid by the plaintiffs to Abbott, and by Abbott to these defendants, in which case there could be no doubt that, while the plaintiffs could recover back the amount from Abbott, neither Abbott nor the plaintiffs could recover the amount from these defendants. The fact that the money, instead of being paid by the plaintiffs to Abbott, and by Abbott to these defendants, was paid directly by the plaintiffs to these defendants, does not make any difference in the rights of the parties."

To the same effect are the *Walker* and *Ex parte Richard & Thalheimer* cases, *supra*. The *Towne* case holds to the contrary.

If we look at this case from a purely equitable viewpoint, the result to which we must come will not be different than that above announced. Appellant made the payment to the respondent in the belief that he was paying a *bona fide,* valid indebtedness due from Hughes, and in so supposing there was no mistake. As to the mortgage; if respondent was innocent, so was the appellant. The equities in favor of the respondent are not less great than those running with the appel-

lant. We think the judgment of the trial court was right and it is affirmed.

PARKER, C. J., FULLERTON, and MITCHELL, JJ., concur.