## UTLEY v. CAVENDER.

1. A bond was given in May, 1881, payable in May, 1886, with interest from date, payable semi-annually. The interest not having been all paid, the debtor, in November, 1886, paid to the creditor $134.95, as interest at 10 per cent. on the deferred payments of interest. *Held*, that there being no written agreement for the payment of 10 per cent. interest, the payment was usurious under the act of 1882 (18 *Stat.*, 35),

which makes 7 per cent. lawful interest, but permits not exceeding 10 per cent. by written agreement.

2. In January, 1887, the obligor, in consideration of further indulgence, agreed in writing to pay 10 per cent. interest from May, 1886, when the debt had matured. *Held*, that this agreement being in writing, it was not usurious, even though it provided for this higher rate of interest from a past date.

3. For the payment of the usurious interest in November, 1886, the defendant was entitled to recover, by way of counter-claim, double the amount paid by him in excess of the legal interest.

4. An act provided that section 1288 of the General Statutes should be amended by the insertion of certain words, so that said section, as amended, should read as follows—giving, in quotation marks, the original section, with the inserted words. Then followed a second section of the act, containing matter germane to that which had preceded. *Held*, that this second section was sufficiently embraced in the title, which was, "An act to amend section 1288 of the General Statutes, regulating the rate of interest upon any contract arising in this State for the hiring, lending, or use of money or other commodity."

Before FRASER, J., Richland, November, 1888.

This was an action of foreclosure by H. G. Utley, assignee of the executors of David Utley, against Thomas S. Cavender and his junior lien creditors. The Circuit decree was as follows:

The master's report. dated October 20, 1888, finds that there was then due to plaintiff on his bond and mortgage the sum of $9,564.64, and that there had been, since the hearing, paid thereon the sum of $7,500, leaving a balance then due of $2,064.64. Plaintiff's bond and mortgage bear date May 6, 1881, and are conditioned for the payment of $7,000 in five years, with interest at seven per cent. per annum, payable semi-annually. Various payments of interest were made on said bond up to Nov. 10, 1885. On Nov. 15, 1886, a payment of $134.95 was made as interest on deferred payments of interest to Nov. 6, 1886, and this interest was calculated at 10 per cent.

On January 20, 1887, the defendant, Cavender, made with David Utley a written agreement, in which there was the following stipulation: "And now, in consideration that the bond and mortgage is to be extended, I agree to pay the said David Utley, or his heirs or assigns, a sum equal to ten per cent. per annum

on said amount from 10 May, 1886." The defendant contends, that inasmuch as by this agreement he contracted to pay 10 per cent. for *past* use of money, and the consideration named in the written agreement is *future* extension of time for payment, plaintiff has incurred the forfeitures and penalties of the act of December 21, 1882, on the subject of usury.

This statute is a penal one, "imposing forfeitures and penalties," and "penal statutes must be strictly construed, and never extended by implication." In this case there has been the agreement in writing to pay interest at the rate of ten (10) per cent. per annum. I do not see how the penalties of the act can be incurred when the only conditions prescribed by the act have been complied with. It may raise a question of the sufficiency of the consideration where the agreement is to pay interest for past use of money, but I do not see how such an agreement, being in writing and not for over 10 per cent. interest, can work any of the penalties or forfeitures of the act of 1882.

So far as I have been able to examine the authorities cited by the master and the counsel, I am satisfied with the conclusions of the master on the subject of the consideration. I cannot concur with the master as to the unconstitutionality of the second section of the act of 1882. It is certainly germane to the subject of the regulation of interest to which the section of the General Statutes, which is amended, refers.

The payment of $134.95 as interest on interest, does not modify the terms of the bond or of the written agreement, and must be confined alone to the interest on interest to which it refers. It was not in writing, and I, therefore, think was against the plain provisions of the act, one of which I think does make compliance with a parol agreement penal, where it would not have been penal if the contract had been in writing. I therefore hold that defendant is entitled to his counter-claim of two hundred and sixty-nine 90-100 dollars.

It is therefore ordered and adjudged, that the master's report, as to the amount of plaintiff's claim, be confirmed, except as above stated. It is ordered, that it be referred to the master to report what will be the balance due on the claim of plaintiff, after deducting the said sum of $7,500 and the amount of the counter-

claim herein allowed, and that on the coming in and confirmation of the master's report, the amount due plaintiff be paid out of the fund in court. It is also ordered, that out of said fund there be paid the costs of plaintiff, and then the costs of the lien creditors and their attorneys in the order of their priorities.

The defendant appealed upon the following grounds of exception : 1. Because his honor erred in deciding that in this case there has been the agreement in writing to pay interest at the rate of ten per cent. per annum. 2. Because his honor erred in deciding that the only conditions prescribed by the usury act of 21st December. 1882, have been complied with. 3. Because his honor erred in deciding that the agreement of 20th January, 1887, was not for over ten per cent. interest. 4. Because his honor erred in concurring in the conclusions of the master on the subject of the consideration. 5. Because his honor erred in deciding in substance that the said agreement of 20th January, 1887, was not usurious. 6. Because his honor erred in his said decree in ordering and adjudging that master's report, as to the amount of plaintiff's claim, be confirmed, except as stated in said decree.

The plaintiff appealed upon the following grounds of exception : 1. Because his honor erred in not holding that section 2 of the usury act of 1882 was unconstitutional. 2. Because his honor erred in holding that the payment of $134.95 was not in writing, and was against the plain provisions of the act, one of which was to make compliance with a parol agreement penal, when it would not have been penal if the contract had been in writing. 3. Because his honor erred in allowing the counter-claim for two hundred and sixty-nine 95–100 dollars. 4. Because his honor erred in not confirming the master's report.

*Mr. Robert W. Shand,* for plaintiff.

*Messrs. Clark & Muller,* for defendant.

July 6, 1889. The opinion of the court was delivered by MR. CHIEF JUSTICE SIMPSON. This was an action to fore-

close a mortgage given by the defendant, Cavender, to one David Utley, under whom the plaintiff claims. The other defendants were lien creditors. The decree of his honor, Judge Fraser, hereto appended, sufficiently states the facts.

It appears that the mortgage was given to secure the payment of a bond dated May 6, 1881, for a large amount, borrowed money, payable five years after date, with interest at seven per cent, payable semi-annually. Various payments were made on this note up to November 10, 1885, and on November 15, 1886, some six months after the note fell due, the defendant, Cavender, made a payment of $134.95, which was interest at 10 per cent. up to November 6, 1886. on the deferred payments of the semi-annual interest, which had not been paid promptly as per note. And on January, 1887, Cavender made a written agreement with David Utley, in which he stipulated that in consideration of extension of time on the bond and mortgage. he would pay a sum equal to ten per cent. per annum on said bond from the 10th of May previous. to wit, from the 10th of May, 1886.

One defence set up was that both of these transactions were usurious, and that plaintiff could, therefore, recover only the principal, forfeiting all interest and costs, and that the defendant was entitled to double the amount of $134.95, the alleged usurious interest paid, which he claimed by way of counter-claim. His honor sustained this last defence, and allowed the counter-claim, to wit, $269.90, but overruled the other, holding that the written agreement above was not usurious, and he decreed that the plaintiff be allowed his debt, after deducting the amount paid and the counter-claim. Both parties have appealed--the plaintiff on the ground that the payment of the $134.95 was held to have been usurious, and on the allowance of double that sum to the defendant as a counter-claim because of the usury; and the defendant on the ground that the written agreement made in January, 1887, to pay 10 per cent. interest from May 10, 1886, a past date, was not held usurious.

Usury consists in receiving more than the legal rate of interest for the use of money, and it has been held that even any advantage, certain or uncertain, contingent or otherwise, to the creditor, over and above the legal rate of interest, amounts to

usury. In our State, 7 per cent. is the legal rate in the absence of any written agreement for a higher sum, but the parties may stipulate in writing for any sum above 7 per cent. to 10 per cent. The penalty for lending or advancing money or other commodity at a greater rate is a forfeiture of all interest, and a limitation to the recovery of the principal sum without costs. *Act of 1882,* 18 Stat., 35. And where the illegal interest has been actually received, a forfeiture also of double the amount so received. to be recovered by the debtor in a separate action, or by counterclaim to any action brought by the creditor to recover the principal sum. Act of 1882, *supra.*

Now, the questions before us may be resolved into questions of fact. First, has the plaintiff lent or advanced money to the defendant at a greater rate of interest than 7 per cent., in the absence of written agreement to pay more, or has he charged a greater sum ? Second, has he received a greater rate than 7 per cent. on any money lent or advanced, without a written agreement to pay the same ? If either of these questions must, upon the testimony, be answered in the affirmative, then usury is present in the matter thus affirmed.

As to the first. It is conceded that the money sued for was originally lent for a period of five years from the 6th of May, 1881, at 7 per cent., to be paid semi-annually : there was certainly no usury in this. The bond fell due on the 6th of May, 1886, when, according to law, the bond would have still borne 7 per cent. until paid, with accumulated unpaid interest, if any, added and incorporated. The bond was not paid when it fell due, and in January thereafter, to wit, January, 1887, the defendant desiring further time, in consideration thereof, agreed in writing to pay ten per cent. upon the bond, the ten per cent. to commence on the 10th of May previous, about the time the bond had become due ; and upon this written agreement, the plaintiff now charges the 10 per cent. from said time. Now, can it be said upon these facts, that the plaintiff has either lent or advanced money to defendant at a greater rate of interest than 7 per cent., in the absence of a written agreement to that effect, or that he has thus charged a greater rate ? Certainly not. He lent the money originally at 7 per cent., and since it has become due, the

defendant has made a new contract, by which he was to pay 10 per cent. from the time of maturity. Whether this contract was founded upon a sufficient consideration, is not before us. The fact is, it was made, and it is in writing, and to that extent is in compliance with the act. Under these circumstances, it does not seem to us that the plaintiff can be said to have violated the usury law. He has neither lent nor advanced money at a greater rate of interest than 7 per cent. without a written agreement, nor has he charged a greater interest in the absence of such an agreement.

There is nothing more in this transaction than that the defendant, while liable only for 7 per cent. for the money borrowed from May the 6th, 1886, to January, 1887, on the latter date, in consideration of further forbearance, agreed in writing to pay 10 per cent. during that time, and during the further extension. In other words, he agreed to increase the rate of interest to the limit allowed by the act, and, as required by the act, put it in writing. The plaintiff had the right to collect the bond when it fell due, to wit, May the 6th, 1886, and had the written agreement *supra* been made at that time in consideration of further extension, no one would have contended, we suppose, that this would have been an usurious transaction; because it would have amounted to a new loan upon a new contract, in writing, at a higher rate of interest, but within the limit of the act, and in accordance with its provisions.

What is the difference, in view of the fact, that the agreement was made after the maturity of the bond, and not at that moment? There can be none as to the question of usury. True, the bond between May 6th, 1886, and January, 1887, was running under the original contract at 7 per cent., and the plaintiff, if he had attempted to charge more without a written agreement to that end, would have been guilty of usury, but no attempt of this kind was made. On the contrary, the defendant for his own advantage, and upon what seems to us now a sufficient consideration, changed the existing contract as to the rate of interest, and made it reach back to the said maturity of the bond; and it is upon this changed contract, which is in writing, that the plaintiff now demands 10 per cent. instead of 7. The plaintiff, then, is not

charging a higher rate of interest than 7 per cent. for money lent or advanced in the absence of a written agreement by his debtor to pay said higher rate.

The other transaction stands upon a different ground, and, we think, with his honor below, was usurious. But we think his honor erred in the amount allowed upon the counter-claim of the defendant. In that transaction, the plaintiff patently received more than 7 per cent. interest on the deferred semi-annual unpaid interest on the bond, and this, too, without any written agreement on the part of the defendant to pay the same. According to the terms of the bond, the defendant was required to pay the interest thereon semi-annually at 7 per cent., and by the failure to meet these semi-annual instalments when due, by law they bore interest at 7 per cent. It seems that some of these *semi-annual* instalments had not been paid when the bond fell due, and the defendant, instead of paying them with 7 per cent. interest, on the 15th of November, 1886, paid thereon 10 per cent. interest, amounting to $134.95, which the plaintiff actually received. Here, then, was a clear case of more than 7 per cent. received by a creditor, for the forbearance of money, without a written agreement to pay the same by the debtor, which was in violation of the act of 1882. That act imposes a forfeiture of double the amount of the *illegal interest,* as this court has held in *Hardin* v. *Trimmier,* 30 S. C., 391. See, also, *Bank* v. *Parrott, Ibid.,* 61. Seven per cent. would have been, and was, the legal interest to which the plaintiff was entitled. All over that, to wit, the 3 per cent. excess, was illegal, and double that excess should have been the amount allowed to the defendant on his counter-claim—no more.

As to the constitutionality of the 2nd section of the act of 1882, we concur with the Circuit Judge. This section was germane to the section 1288, General Statutes, regulating interest, and was sufficiently embraced in the title of the act of 1882, amending said section.

It is the judgment of this court, that the judgment of the Circuit Court be modified, so as to allow, by way of counter-claim to the defendant, double the amount of 3 per cent., the excess over 7 per cent. embraced in the payment of $134.95, instead of double

the said sum of $134.95; and that, in all other respects, the said judgment be affirmed.