WILLIFORD *v*. EASON.

Opinion delivered December 1, 1913.

1. DE FACTO OFFICER—RIGHT TO FEES.—A person acting as deputy prosecuting attorney, under authority of the prosecuting attorney but not appointed in writing, without the appointment being approved by the circuit court, is a *de facto* officer only, and not one *de jure,* and is not entitled to collect the fees and emoluments of the office. (Page 305.)

2. ILLEGAL FINE—INVOLUNTARY PAYMENT—RIGHT TO RECOVER BACK.— One who is under arrest and pays an illegal fine or costs under that compulsion is entitled to recover it in an action instituted for that purpose. (Page 305.)

3. ILLEGAL FINE—VOLUNTARY PAYMENT.—An illegal fine can not be recovered if paid voluntarily without any compulsion. (Page 305.)

Appeal from Mississippi Circuit Court, Chickasawba District; *W. J. Driver,* Judge; affirmed.

*C. A. Cunningham,* for appellant.

Appellee pleaded guilty in order to avoid arrest and trial, and he knew at the time that the payment was made that the deputy prosecuting attorney's fee demanded was illegal, because that officer's appointment was irregular and because he was not present, yet he agreed to pay the sum demanded. His action in so doing was voluntary, because he had effectual remedies to escape this payment, either by appealing to the circuit court and having the costs adjusted there, or by paying the fine and appealing as to the costs; or he could have refused to pay the fee and defended his property, if the officer

had attempted to seize it under authority of a void judgment.

Having paid the "illegal demand with full knowledge of all the facts which render such demand illegal, without an immediate and urgent necessity therefor, or unless to release (not to avoid) his person or property from detention, or to prevent an immediate seizure of his person or property, such payment must be deemed voluntary and can not be recovered." 97 U. S. 181; 98 U. S. 541; 86 Ark. 175; 72 Ark. 555; 73 Ark. 565; 48 Ark. 70; 74 Ark. 271; 46 Ark. 167; 70 Ark. 5; 92 Ark. 309.

*Appellee, pro se.*

Payment in this case was made under protest as the justice told appellee, "You will have to pay it; that is the law here." Being in the custody of this officer, payment was made to prevent incarceration and seizure of his property to satisfy the demand and was therefore not a voluntary payment.

"A voluntary payment means one made without compulsion." 35 Atl. Rep. 7; see also 60 N. Y. 501; 17 Fed. Rep. 494.

"Payment under stress of legal process is compulsory, and if unlawfully exacted may be recovered." 35 Atl. Rep. 480; 9 L. Ed. U. S. Rep. 373; 7 Atl. 715; 4 L. R. A. 300; 52 Mo. 167; 4 Wend. 360; 59 S. W. 677.

McCULLOCH, C. J. Appellant, R. L. Williford, acting as deputy prosecuting attorney for the Chickasawba District of Mississippi County, filed an information before a justice of the peace against appellee, R. S. Eason, charging the latter with the offense of gambling. The latter was arrested pursuant to the warrant issued upon the information. He appeared before the justice of the peace and entered a plea of guilty, and a fine of $10 was adjudged against him. The justice taxed a fee of $25 for appellant as deputy prosecuting attorney, and appellee was informed of it but protested against paying the fee. The justice advised him that he was liable for it and must pay it, and he paid it together with the fine and other costs. He instituted this action before a justice

of the peace to recover it from appellant after the amount had been paid over to him by the officer.

Appellant was acting as deputy prosecuting attorney by authority from the prosecuting attorney of the district, but he was not appointed in writing, nor was the appointment approved by the circuit court as provided by the statute. He was, therefore, a *de facto* officer, but not *de jure,* and was not entitled to collect the fees and emoluments of the office. *Stephens* v. *Campbell,* 67 Ark. 484.

The only question in the case is whether or not the payment was a voluntary one, for, though the exaction was illegal, if voluntarily paid without any compulsion, it can not be recovered.

The trial court submitted the case to the jury solely on the question whether or not appellee knew, at the time he made the payment, that the fee demanded was a legal one. This was incorrect, and was more favorable than appellant was entitled to, for, irrespective of appellee's knowledge of the facts concerning the defect in appellant's title to the office, if he protested against the payment and made it under duress, in order to prevent his incarceration, he was entitled to recover the money which was so paid. No exception to the ruling of the court in giving instructions has been preserved; therefore, the sole question presented to us is whether the evidence is sufficient to sustain the verdict.

According to the undisputed evidence, appellee was in the custody of the arresting officer—not actually so but in theory, and made the payment upon the assurance of the justice of the peace that it was legal and would be enforced against him.

There is much conflict in the authorities upon the question as to what circumstances surrounding the payment of an illegal tax will render it voluntary within the meaning of the law (see recent case of *Brunson* v. *Board of Directors of Crawford County Levee District,* 107 Ark. 24. But there is no conflict in the authorities over the question as to whether one who is under arrest and pays

an illegal fine or costs under that compulsion is entitled to recover it in an action instituted for that purpose.

Judgment affirmed.