## 9003

### GOODLETT v. GOODLETT *ET AL.*

#### (84 S. E. 414.)

#### INTEREST.   USURY.   PAYMENT.

1. INTEREST—CONTRACTS—SUFFICIENCY.—Where the holder of a demand
note of a deceased, bearing 7 per cent. interest, notified the adminis-
trator that it would have to be paid, unless he wished to renew it at
a higher rate, and the administrator wrote that he would like to
keep the money, and at the instance of the administrator an heir
inclosed a check, which was the proper amount for 8 per cent. inter-
est, and it was so credited, as well as a later check, an express agree-
ment in writing to pay 8 per cent. is made out.

2. USURY—EXPRESS AGREEMENT AS TO RATE.—Under the statute per-
mitting such a rate to be stipulated for in writing, the transaction
was not usurious, as the administrator and the heir would be bound
personally.

3. INTEREST—RENEWAL NOTE—CONSIDERATION.—Interest in the estate
was a sufficient consideration for the agreement to pay 8 per cent.
interest on the note.

4. PAYMENT—RECOVERY BACK.—Payments voluntarily made with full
knowledge of the. facts cannot be recovered.

Before MEMMINGER, J., Greenville, April term, 1912.
Modified.

Action by Spartan Goodlett against Max H. Goodlett and
others.   From the judgment rendered, plaintiff appeals.

*Mr. B. M. Shuman,* for appellants, submits: *Agreement
to pay 8 per cent. interest was in writing:* 31 S. C. 282; 46
S. C. 15; 11 Rich. L. 178; 29 S. C. 533; 77 S. C. 16.
*Stranger to contract cannot set up usury:* 9 Ind. 135; Webb,
Usury, sec. 283.

*Messrs. Cothran, Dean & Cothran,* for respondents, cite:
*As to agreement to pay 8 per cent. interest:* 32 S. C. 238; 17
Wis. 463; 2 Tread. 767; 3 Brev. 511; 2 Nott & McC. 328;
2 Bail. 317; 2 Hill 343; 11 Rich. 410; McM. Eq. 329; 24
S. C. 204; 58 S. C. 294; 69 S. C. 386; 47 S. C. 430.

February 25, 1915.

The opinion of the Court was delivered by MR. JUSTICE
HYDRICK.

This is an action against the administrator and heirs at
law of M. W. Goodlett on a demand note given by him to
the plaintiff for $1,500, dated November 28, 1900, and bear-
ing interest from date at 7 per cent. per annum.

M. W. Goodlett died October 5, 1907. On October 1,
1908, after some preliminary correspondence about the note,
plaintiff wrote the administrator that, if he wished to keep
the money any longer, he must renew the note and pay a
higher rate of interest. On October 15th the administra-
tor replied that he would like to keep the money, and inclosed
check for $120, without saying what it was for. Plain-
tiff credited it on the note as interest at 8 per cent. On
September 2, 1909, the defendant, O. M. Goodlett sent
plaintiff a check for $120, for interest on the note, and it
was so credited. This was done at the instance of the
administrator.

The defendants set up these payments as usurious, and
seek, under the statute, to defeat the recovery by plaintiff of
any interest or costs, and to recover, as a counterclaim,
$480, double the usurious interest so alleged to have been
taken. This contention was sustained.

The master, whose report was confirmed, found that the
letters which passed between the plaintiff and the adminis-
trator and O. M. Goodlett, taken together, amounted to an
express agreement in writing to pay 8 per cent. inter-
est on the note, and, as defendants have appealed
from this finding, we may say, in passing, that we

concur in that finding. In *Bank* v. *Sarratt,* 77 S. C. 141, 57 S. E. 621, 122 Am. St. Rep. 562, it was held that the payment of interest by check was such an agreement in writing as to satisfy the statute; the rate paid being one that the statute allowed to be stipulated for in writing. In *Utley* v. *Cavender,* 31 S. C. 282, 9 S. E. 957, it was held that a subsequent agreement in writing to pay a higher rate of interest from a past date did not make the transaction usurious; the rate stipulated for being permissible by the statute.

But, holding that the agreement to pay a greater rate of interest than that stipulated for in the note was not binding on the estate of M. W. Goodlett, the master concluded that, notwithstanding the agreement was in writing, it made the transaction usurious. In this he was in error. Without deciding whether the administrator could have bound the estate to pay interest on the note at the rate of 8 per cent., for we do not deem the decision of that question necessary, there can be no doubt that the agreement was binding upon the administrator and the defendant, O. M. Goodlet, personally, and, the rate being permissible by agreement in writing, the agreement did not have the effect of tainting the transaction with usury, no more than if any third person, a stranger to the transaction, had made such an agreement for the benefit of the estate. It must not be inferred that an 'agreement in writing to pay an unlawful rate would not be usurious. It would. So, also, would the payment of a greater rate than 7 per cent. without an agreement in writing.

There is no force in the contention of respondent that there was no consideration for the agreement to pay 8 per cent. In the first place, the payments were voluntarily made with full knowledge of the facts, and could not therefore be recovered. *Hardaway* v. *Railway,* 90 S. C. 475, 73 S. E. 1020, Ann Cas. 1913d, 266. Besides, plaintiff is not seeking to enforce the agreement, even against the administrator and O. M. Goodlett, personally, as he might

have done, for their interest in the estate and consequent interest in having the note paid, or carried by plaintiff, was a sufficient consideration for their promise. In *Sanders* v. *Bagwell,* 32 S. C. 238, 10 S. E. 946, 7 L. R. A. 743, cited by appellant, no consideration was proved, but here the consideration was proved; but plaintiff sued to recover only the face of the note, with interest at 7 per cent., allowing the two payments of interest above mentioned to go as general credits on the note, and he was entitled to judgment as prayed for.

The judgment of the Circuit Court must be modified to conform to the views herein announced.

Judgment modified.