## AMERICAN SURETY CO. OF NEW YORK v. STEEN.

No. 10469—Opinion Filed June 20, 1922.

(Syllabus.)

**1. Payment—Voluntary Payment—Effect—Right to Recover Money Paid.**

Money voluntarily paid, with full knowledge of facts under which it was demanded, cannot be recovered back upon the ground that payment was made under a misapprehension of the legal rights and obligations of the party paying.

**2. Principal and Surety—Extent of Surety's Liability—Bond of Dealers in Nursery Stock.**

Section 16, c. 279, Session Laws 1915, provides that: "Dealers selling nursery stock should furnish a bond to be approved by the Board of Agriculture conditioned that they will buy and sell only stock which has been duly inspected and certified by an official State Inspector; and that he will maintain with the board a list of all sources from which he secures his stock." Bond given under said act conditioned that the principal should faithfully obey the provisions of said act and the laws of the state of Oklahoma, and the rules and regulations of the Board of Agriculture, being broader than the terms of the act, is limited

in its liability to the condition required by law, and the surety is not liable thereon for alleged misrepresentations made by the principal in selling fruit trees.

**3. Same—Parties Entitled to Sue on Bond.**

The bond on which the plaintiff seeks to recover in this cause being a statutory bond in which the state is named as obligee, and it appearing that the bond was not made for the benefit of any other person, and there being no statutory provision authorizing an action on the bond, except by the state, held, that the plaintiff, a person other than the obligee in the bond, is unauthorized to maintain the action.

Error from District Court, Kingfisher County; James B. Cullison, Judge.

Action by W. E. Steen against the American Surety Company of New York. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

F. L. Boynton, for plaintiff in error.

George L. Bowman, for defendant in error.

KENNAMER, J. The American Surety Company of New York prosecutes this appeal to reverse the judgment of the district court of Kingfisher county rendered in favor of W. E. Steen to recover the sum of $136.25. The material facts to be considered for the purpose of this appeal are substantially as follows:

About the first day of October, 1917, W. E. Steen gave an order to B. E. Fields & Son, engaged in the general nursery business at Fremont, Neb., for 500 "Delicious" apple trees. Pursuant to the order, B. E. Fields & Son shipped to Kingfisher, Okla., for the purchaser, W. E. Steen, 500 apple trees, which Steen alleged in his petition filed in this action were inferior in quality to the trees ordered, and were not "Delicious" apple trees, but "Baldwin" trees. Steen executed to Fields & Son his note in the sum of $125 in payment for the trees. Steen alleged that he was entitled to a return of the note executed as payment of the purchase price of the trees, or, in case return could not be had, the amount of the money due on the note, and to $500 damages on account of the misrepresentation and fraud of Fields & Son in the sale of the trees.

B. E. Fields & Son, on the 15th day of July, 1915, had executed to the state of Oklahoma a bond in the sum of $1,000, conditioned that B. E. Fields & Son had been granted a license by the State Board of Agriculture of the state of Oklahoma authorizing Fields & Son to engage in the

business of selling nursery stock in the state of Oklahoma in accordance with the act of the Legislature approved March 31, 1915, and to faithfully obey the provisions of said act and laws of the state of Oklahoma. The American Surety Company signed the bond as surety for Fields & Son. Steen, by this action, seeks to hold the American Surety Company liable by reason of the alleged fraud in securing the order for the apple trees and the note in settlement of purchase price therefor. Fields & Son were made a party defendant in the petition filed with the American Surety Company, but were never served with summons.

The trial court instructed a verdict in favor of Steen, the plaintiff in the action.

The American Surety Company, by its assignments of error, alleges error of the trial court in overruling its demurrer to the plaintiff's petition, and error of the court in overruling its demurrer to the plaintiff's evidence.

It appears from the record, after the institution of the action by Steen, he voluntarily paid the note executed in satisfaction of the purchase price for the fruit trees. Steen will be referred to as he appeared in the trial court, as plaintiff; the American Surety Company, as defendant.

Counsel for the defendant relies upon two grounds for the reversal of the judgment of the trial court: First, the payment of the note having been made with full knowledge of all of the facts which constituted a defense to the payment of the note, which payment was voluntary, precludes the plaintiff from recovering in the action. Second, that under the provisions of the act of the Legislature approved March 31, 1915, c. 279, Session Laws 1915, the plaintiff has no cause of action against the defendant upon the bond executed by the defendant surety company.

Upon a careful review of the record and the admitted facts, we are clearly of the opinion that both contentions of the defendant are well taken. The evidence of the plaintiff in the action unquestionably shows that he voluntarily, with full knowledge of all of the facts, in absence of fraud, duress, or mistake, paid the note executed by him in settlement of the purchase price for the fruit trees subsequent to the commencement of this action. The recovery in this case was only for the amount of the note paid by the plaintiff; the claim for $500 damages having been abandoned. The rule of law uniformly adhered to by the courts is that money voluntarily paid under a claim of right to payment, with full knowledge of all of the facts which would entitle the payor to relief against the payment of the claim, cannot be recovered on the ground that the claim was illegal. Elston v. City of Chicago (Ill.) 89 Am. Dec. 361; Brumagim v. Tillinghast (Cal.) 79 Am. Dec. 176; Clarke v. Dutcher, 9 Cow. (N. Y.) 674; Kenneth & Gibson v. South Carolina Railroad Co. (S. C.) 98 Am. Dec. 382; Lester v. Mayor of Baltimore (Md.) 96 Am. Dec. 542; Commissioners, etc., v. Walker, 8 Kan. 431; Murphy v. Creighton, 45 Iowa, 179; Jefferson Co. v. Hawkins (Fla.) 2 South. 362; Hunt County v. Green (Tex. Civ. App.) 214 S. W. 605; Lipman, Wolfe & Co. v. Phoenix Assur. Co., 258 Fed. 544; Pritchard v. People's Bank, 198 Mo. App. 597, 200 S. W. 665; Rising v. Tollerud, (N. D.) 157 N. W. 696; Hinds v. Wiles, 12 Ala. App. 596; 68 South. 556; Goodlett v. Goodlett, 100 S. C. 84, 84 S. E. 414; Clough & Co. v. B. & M. R. R. Co., 77 N. H. 222, 90 Atl. 863; Williford v. Eason (Ark.) 161 S. W. 498.

On the second proposition, it is our opinion that the plaintiff is not entitled to recover on the bond on which defendant was sued as surety. The bond is conditioned that the obligor must obey the provisions of the act and the laws of the state of Oklahoma, and the rules and regulations of the Board of Agriculture, but section 16 of the act in question provides as follows, in regard to the condition of the bond:

"He will buy and sell only stock which has been duly inspected and certified by an official State Inspector; and that he will maintain with the board a list of all sources from which he secures his stock."

"Whatever is included in the bond, and is not required by the law, must be read out of it, and whatever is not expressed, and ought to have been incorporated, must be read as if inserted in it. Although the terms of the bond may bear a broader construction, the liability of the parties will be confined to the measure of liability as contemplated by the law requiring the bond." 9 C. J. 35.

As stated in S. W. Surety Ins. Co. v. U. S. F. & G. Co., 75 Okla. 232, 182 Pac. 522, a bond given solely to comply with a statute which is itself void, or which does not require the bond as supposed, is without binding force.

The statute in this instance does not require that the bond include misrepresentations. Section 16 specifically sets forth the conditions of the bond, and the provisions

of section 20 cannot be read into the bond so as to extend the liability of the signers. There is no allegation that the obligor sold stock which had not been duly inspected, and no contention that he violated the terms of section 16 in any manner. The bond is a statutory bond, and cannot be considered as a common-law obligation, and no recovery can be had thereon except for a breach of the terms and conditions required in the bond by statute. Gillespie et al. v. Frisbie, 46 Okla. 438, 148 Pac. 991.

The bond upon which suit is brought in this case is made to the state of Oklahoma, chapter 279, Session Laws 1915, which is the act requiring the bond, makes no provision for suit to be brought thereon by any one except the obligee, and there is no language in the statute from which the inference may be drawn that the bond is made for the pecuniary reimbursement of persons who may suffer loss or damage by reason of their dealings with persons selling nursery stock. According to the provisions of section 16 of said act, which is the section requiring the bond, it is merely a penal bond given to enable the Board of Agriculture better to enforce its regulations in regard to inspection of stock and in regard to information as to the source of nursery stock coming into the state. There is no provision that the bond is made for the use or benefit of purchasers of nursery stock, and, as heretofore stated, there is no provision authorizing suit to be brought by individuals on the bond.

It is well settled that, in the absence of statute, a suit on a bond can be maintained only by the obligee named therein, and that no one can sue as plaintiff who has not the legal interest, unless permitted so to do by statute. 9 C. J. 85; People v. Laidlaw, 120 Mich. 358; Blyth-Fargo Co. v. Free (Utah) 148 Pac. 427.

It not appearing from the act that the bond in question is required for the benefit of any individual, and no authority being given by the act for suit by any person other than the state, we must hold that the plaintiff in this instance was not entitled to maintain this action.

For the reasons stated, the former opinion is withdrawn, and the judgment of the trial court is reversed, and the cause remanded, with directions to the trial court to sustain the demurrer to the plaintiff's petition and dismiss the action.

HARRISON, C. J., and JOHNSON, MILLER, and NICHOLSON, JJ., concur.