### 1999 OK CIV APP 91

**Joe McWETHY, on behalf of himself and all others similarly situated, Plaintiff/Appellant,**

v.

**TELECOMMUNICATIONS, INC., and Tulsa Cable Television, Inc., Defendants/Appellees.**

**No. 92,907.**

Court of Civil Appeals of Oklahoma, Division No. 1.

July 9, 1999.

James C. Garland, III, Tulsa, Oklahoma, for Appellant.

Joel L. Wohlgemuth, Tulsa, Oklahoma, for Appellee.

## OPINION

Opinion by CAROL M. HANSEN, Presiding Judge:

¶1 On June 12, 1998, Plaintiff, Joe McWethy, filed his petition on behalf of himself and a class of others similarly situated, seeking to recover allegedly illegal late payments charges collected by Defendants, Telecommunications, Inc., and Tulsa Cable Television, Inc., from their cable television service customers. The trial court dismissed the original petition and granted Plaintiff leave to amend.[1]

¶2 On January 29, 1999, Plaintiff filed his First Amended Petition which contained one new allegation. Plaintiff alleged Defendants provided him with a copy of billing procedures, that he later received monthly billing statements specifying a due date, and that he paid the late charge during the course of his service contract with Defendants. He prayed that Defendants be required to reimburse their customers the late charges, prayed for damages in excess of $10,000.00 as well as an award of costs and attorney

fees. Defendants filed a motion to dismiss asserting the "voluntary payment doctrine" defeated Plaintiff's attempted recovery as a matter of law. Defendants also asserted 11 O.S.1999 § 22–107.2 specifically allowed cable television service providers to assess a late fee.[2] On March 26, 1999, the trial court entered an order finding "Title 11, § 22–107, specifically allows sellers of cable television service to assess a late fee but limits the fee to $6.00 or 5% of the unpaid amount, whichever is greater. Plaintiffs thereafter voluntarily paid the late fees, which falls under Hadley versus Farmers National Bank, 257 P. 1101." The trial court sustained Defendants' motion to dismiss. Plaintiff appeals this order.

¶3 In his petition in error, Plaintiff maintains the trial court erred in dismissing his First Amended Petition pursuant to the voluntary payment doctrine because the doctrine is an affirmative defense requiring proof of "full knowledge" by the payor. In *Hadley v. Farmers National Bank of Oklahoma City*, 125 Okla. 250, 257 P. 1101 (1927), the Supreme Court held that payment, with full knowledge of all facts, cannot be recovered because of payer's misapprehension of legal rights and obligations. In *American Surety Co. of New York v. Steen*, 86 Okla. 252, 208 P. 212 (1922), the plaintiff sought to recover money paid to the defendant. The defendant demurred to the plaintiff's petition, and the trial court overruled the demurrer and ultimately entered judgment in favor of the plaintiff. The defendant appealed, alleging the trial court erred in overruling the demurrer to the petition. The Supreme Court concluded the lawsuit was an action to recover money that was voluntarily paid and reversed the trial court's judgment. It remanded the cause "with directions to the trial court to sustain the demurrer to the plaintiff's petition and dismiss the action."

¶4 In this case, "full knowledge of all facts" was pleaded in Plaintiff's petition. Therein, Plaintiff admitted Defendants sent

1. In the original petition, Plaintiff alleged the $3.00 "late fee" for customers' delinquent payment of their cable television bills is a penalty in violation of 15 O.S.1991 §§ 213 and 214. He sought injunctive relief and sought damages in excess of $10,000.00.

2. This statute was enacted July 1, 1998. It provides, in part, that "No late fee shall be assessed which exceeds Six Dollars ($6.00) or five percent (5%) of the unpaid amount, whichever is greater."

him monthly billing statements which specified a due date for payment of services. He admitted he knew a $3.00 late fee would be assessed if payments were not made by the due date. He also admitted he had paid the late charge during the course of his service contract with Defendants. The trial court did not err in sustaining Defendants' motion to dismiss on the basis of the voluntary payment doctrine.

¶ 5 Because of this Court's determination of the previously discussed proposition of error, it becomes unnecessary to address Plaintiff's remaining propositions of error.

¶ 6 AFFIRMED.

JONES, C.J., and GARRETT, J., concur.